No. 31.—DAVID S. MILLS, plaintiff in error *vs.* ROBERT FINDLAY, defendant.

[1.] The Attachment in this State, will not lie for the recovery of unliquidated damages, consequent upon the breach of a covenant; but only upon contracts, express or implied, for the payment of money; and to enforce which, the action of debt, or *indebitatus*, assumpsit could be maintained.

[2.] Our Attachment Laws are founded upon the custom of London; and where they do not contain contrary provisions, are to be construed according to the practice and decisions under that custom.

[3.] The Attachment process being unknown to the Common Law, should be strictly construed and pursued; especially as against non-resident debtors.

Attachment, from Bibb Superior Court.    Tried before Judge POWERS, May Term, 1853.

This was a motion to set aside a Judgment on Attachment, which Robert Findlay had sued out against Daniel S. Mills, returnable to Bibb Superior Court, and on which he had obtained a judgment.    The motion was made on the following grounds: 1st.  That the Attachment and Judgment were founded on a claim of unliquidated damages—on an alleged breach of covenant, and not on any debt due or to become due; and the amount of which damages was not ascertained, by any agreement or understanding of the parties to the covenant.

2d.  That the defendant in Attachment, at the time of making said covenant, was, has since been, and now is, a *bona fide* resident of the State of New York, and not a resident of this State.

Under the last ground taken, the movant insisted, that the laws of this State, authorizing attachments against the property of citizens of other States of the Union, are repugnant to the Constitution of the United States, and void.

The attachment in question, appeared to have been taken out for breach of covenant, in this: that the defendant had sold to the plaintiff, for $1,000, the patent right for Bibb county, to "Woodworth's Patent Planing, Tonguing and Groving Machine"—whereas, said defendant was not the owner of said patent, and had no right to sell the same.

The Court, on hearing the motion to set aside the Judgment in said Attachment, overruled and refused the same; to which decision, the movant, by his counsel, excepted.

HALL & CAREY, for plaintiff in error.

STUBBS & HILL, for defendant.

*By the Court.*—LUMPKIN, J., delivering the opinion.

[1.] The first is the only ground of error which we think it

necessary to notice; and that is, that under the laws of this State, no Attachment lies for the recovery of unliquidated damages, consequent upon the breach of a covenant.

[2.] By the custom of London, which is the foundation of all of our Attachment Laws, an Attachment would only lie upon contracts, either express or implied, for the payment of money; and to enforce which, an action of debt or *indebitatus*, assumpsit could be maintained. And our judgment is, that our Attachment Laws are thus restricted. Such has been the uniform construction given to them by the Courts, and acquiesced in by the profession.

It might be expedient to extend this process to all demands resting in contract, as has been done in New York, and some of the other States. And yet, we can readily see how such a measure would be attended with much mischief.

[3.] The Attachment is a proceeding unknown to the Common Law; and its provisions should be closely construed, as well as pursued; especially as against non-resident debtors, whose property may be sold, and the proceeds paid over upon an Attachment wrongfully sued out, before the absentee is apprised of the proceeding.

Judgment reversed.