Philip P. Monroe, plaintiff in error, vs. John A. Bishop, defendant in error.

*Attachment does not lie on a promise to pay a certain amount in solvent notes, before such promise is due.*

Attachment. Decision by Judge Allen, in Lee Superior Court, April Term, 1859.

On the *5th day of January*, 1858, Philip P. Monroe sued out an attachment against John A. Bishop, on an instrument in writing, of which the following is a copy:

"$1,828. By the first day of January, eighteen hundred and fifty-nine, I promise to pay M. N. B. Outlaw, or bearer, eighteen hundred and twenty-eight dollars, in notes good and solvent, when this becomes due, with interest from date. The 29th day of December, 1856."

(Signed)     "JOHN A. BISHOP."

*Credit.*

"Received, on the within note, eleven hundred and fifty dollars. January 4th, 1858.

(Signed)     "P. P. MONROE."

At the April Term, 1859, of the Superior Court of Lee County, counsel for Bishop moved to dismiss the attachment, on the ground that it was founded on the foregoing instrument, which was an unliquidated demand.

The Court sustained the motion and dismissed the attachment, whereupon plaintiff excepted, and now assigns the same for error.

HAWKINS, for plaintiff in error.

WEST, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

This Court, in the case of *Mills vs. Findlay,* (14 *Ga. Rep.* 230,) laid down the rule that, attachment would lie only for *money* demands. Nor does the Act of 1857 change this rule, for it is expressly confined to *money* demands. Now a promise to pay a certain sum *in notes,* is not and cannot be an obligation to pay *money,* until, at least, there is a failure of a promise to pay notes. If the promisee has a money demand, then, of course, he can insist on payment in money. Nothing but coin would be a legal tender to him; but here

he is bound to accept notes, when the promise falls due. This test shows that such a promise does not give a money demand, at least not till *after* it is due. Here the promise was not due, and we think the attachment was properly dismissed.

Judgment affirmed.