Anderson *vs.* Lee.

LEMUEL B. ANDERSON, assignee, plaintiff in error, *vs.* AUGUSTUS H. LEE, executor, defendant in error.

On the trial of a claim case, it appeared that the execution was against A. B. as principal and C. D. as security; the levy was upon land, and the entry of the same was as follows: "Levied the within *fi. fa.* upon three hundred acres of land, more or less, upon which defendant's family now lives, adjoining land of S. Glass on the west, and others. This 29th December, 1858. Lewis Zachry, Deputy sheriff." The claimant moved to dismiss the levy as not sufficiently certain, which motion the court refused:

*Held,* that as there were two defendants to the execution, and the levy failed to specify as the property of which defendant the land was levied on, the same was too uncertain, and the motion to dismiss should have been granted.

Claim. Execution. Levy. Description. Before Judge HALL. Newton Superior Court. September Term, 1873.

An execution in favor of Stephen C. Glass against Isham H. Berry and Andrew J. Berry, security, was levied upon certain property, as follows:

"Levied the within *fi. fa.* on three hundred acres of land, more or less, whereon the defendant's family now lives, adjoining lands of S. Glass on the west, and others. This 29th December, 1858.    (Signed)    LEWIS ZACHRY, 
                                    "D. Sheriff."

A claim was interposed by William Baily. Subsequently the claimant was adjudged a bankrupt and his assignee, Lemuel B. Anderson, was made a party in his stead. Upon the trial of the issue thus formed, the claimant moved to dismiss the levy because not sufficiently certain. The motion was overruled and the claimant excepted.

The jury found the property subject. A motion was made for a new trial on the above ground of exception. The motion was overruled and claimant excepted.

CLARK & PACE, for plaintiff in error.

J. J. FLOYD, for defendant.

McCAY, Judge.

A levy upon land consists in the entry. There is no other seizure, and the statute, Code, 3640, declares that this entry shall be in writing, shall plainly describe the property levied on and the interest of the defendant therein. And there is great justice and propriety in this requirement. The seizure of one's land and the divesting of the title of the defendant in *fi. fa.* is a high prerogative, and ought only to be done under such circumstances as will do the least harm, and secure to the defendant a fair competition of bidders at its sale. Here was a judgment against two persons, and the land of one of them is seized for sale to satisfy the judgment. The entry, the only levy there is, does not specify whose property it is charged to be. Is there any pointing out of the interest of the defendant? The advertisement of the sale will be of the same character. What sort of notice will that be; and at the sale what will be sold? Whose interest? What will the sheriff's deed declare? The levy is the measure and the description of the thing sold. So far as the defendant is concerned we think this levy entirely deficient. There is, in fact, no description. It is plainly not the intent to say that both the defendants live on the land. The only locality of the premises is that it is the land on which the defendant lives.

Which defendant? The principal or security? Both are defendants. The other description, adjoining land of Glass on the west and others, is entirely too vague. Had it been adjoining land on which Glass lives, something might be said in favor of the levy. Residence of one on land is a pretty fair description. One who desires to know may easily from this find the whereabouts. But Glass may own land in many places, and a notification that it adjoins Glass' land, amounts to almost nothing. Again, what is the issue to be tried in the claim case? Whose property does the plaintiff say it is? What is there then to try? We think the levy entirely too uncertain for an issue, and that claimant's motion should have been granted.

Judgment reversed.