## Kolb *vs.* Cheney.

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

A declaration in attachment, which describes the defendant as defendant in attachment, sets out the note which is the evidence of debt, and alleges that an attachment has been issued thereon, concluding with a prayer for process, and omitting any further description or reference to the attachment, mentioning no property whatever, is defective in substance, but amendable, even after judgment, by the attachment papers of file in the court, and constituting a part of the record of the cause. Let the substantial defects be cured by actual amendment within a reasonable time, on pain of having the judgment opened and the declaration dismissed.

Attachment. Pleadings. Amendment. Before Judge Lester. Cobb Superior Court. March Term, 1879.

Reported in the opinion.

D. &. T. B. Irwin; W. R. Power, for plaintiff in error, cited, 58 *Ga.*, 377; Code, §3787.

Thomas F. Greer; John O. Gartrell, for defendant, cited, Code, §§3308, 3309, 3316, 3590.

Bleckley, Justice.

In 58 *Ga.*, 377, there was in the declaration no reference to any attachment, and that circumstance was the one of

leading importance in the motion to set aside the judgment. The reasoning of the opinion delivered by the chief justice goes further, and seems to treat an allegation of the levy of the attachment, and a prayer for the appropriate judgment, as necessary. Without doubt, the declaration ought to allege the levy, describe the property, and pray for the proper judgment. Attachment is in the nature of a proceeding in *rem*, and the *res* should be described, and the seizure alleged. The statute directs that in all cases the execution shall be first levied on the property attached even where the proceeding results in a general judgment. In some cases of attachment, perhaps in most of them, the lien is special, and reaches to no property other than that attached. Certainly, the general rule of the law is that in order to obtain a regular special judgment against particular property, the property must be described in the pleadings, 59 *Ga.*, 105 ; 62 *Ib.*, 183. There would be no good sense in a different rule. But pleadings are amendable, where there is anything to amend by, not only in matters of form but in all matters of substance, and this wide latitude enables the superior courts to cure many serious defects, as well after judgment as before. A judgment is a high and sacred thing, and should be upheld if possible. The case now before us is one in which the declaration reads as follows:

" GEORGIA — Cobb County.

*To the Superior Court of said County :*

"The petition of Andrew J. Cheney respectfully showeth that Peter V. Kolb, defendant in attachment, is indebted to him in the sum of five hundred dollars, besides interest at twelve per cent., on a promissory note, dated the 14th day of March, in the year 1877, paying to A. J. Cheney, and becoming due the first day of December next thereafter, copy of which note is hereto attached, and given for lots of land Nos. 338, 329 and 264, in the 19th district and 2d section of Cobb county, which said note the defendant refuses to pay, and upon which an attachment has issued. Wherefore your petitioner prays process may issue, requiring the said defendant to be and appear at the next superior court for said county to answer your petitioner's complaint."

JOHN O. GARTRELL. *Plaintiff's Attorney.*"

A copy of the note was attached.

It appears from the record that the defendant was duly served with a notice of a pending attachment in the superior court, and of the levy of the same upon certain land, the notice being quite full, and containing all the requisites prescribed by statute. The defendant had previously appeared and traversed the grounds of the attachment, but neither then nor afterwards did he file any defense to the action. At the proper time the court rendered a general judgment for the plaintiff, reciting that no issuable defense had been filed on oath. The attachment and the levy entered thereon, the preliminary affidavit, and the attachment bond are all copied in the record before us, and all of them seem to be regular. The levy describes the land which was the subject of seizure. Two days after the judgment was rendered, counsel for the defendant moved the court to arrest and set it aside upon the grounds: 1. That the pleadings are too defective to render a valid judgment thereon, in that the declaration fails to allege that any land was attached, and that no general judgment could be rendered; 2. That the declaration prays process against the defendant, and does not ask for judgment for the sale of the property levied upon; 3. That no process was issued from the court requiring the defendant to appear, nor was any declaration served upon him. The motion was overruled, and of that the defendant (the plaintiff in error) complains.

Referring back to the declaration, it will be seen that the same is not wholly silent as to the attachment. The defendant is described as defendant in attachment, and after a reference to the note, it is alleged that an attachment has issued upon it. To be sure this is a slight foundation for amendment, but we think it is enough, though certainly little enough, to amend by. The pleader's purpose was evidently to connect the declaration with some attachment founded on the note described; and as the record, taken altogether, shows that there was at the time an attachment pending in the court between these parties, based on that note, the allegation may now be made that said attachment was

returnable to that court, and was levied upon certain described land, and the prayer of the declaration may be made to conform. For the sake of correct practice, we think the indicated amendment ought to be actually made, and that the court should order it done within a reasonable time, or else that the judgment be opened and the declaration dismissed. Very great evils may result from postponing substantial amendments on the theory that they can as well be made late as early, or that because they *can* be made, they need not be made at all. What is amendable, if not a mere matter of form, should be actually cured by the needed amendment as soon as practicable after the defect is discovered. We are aware that the present is rather a weak case for upholding the judgment on any terms. How much weaker it is than that of *King vs. Thompson*, 59 *Ga.*, 380, will be apparent by comparing the two declarations. A copy of that in *King vs. Thompson* I subjoin, having referred to the transcript of the record of file here to obtain it. It is in these words:

" GEORGIA—Pulaski County.

*To the Superior Court of said County:*

"The petition of James A. Thompson showeth th at Mary E. King and Clifford A. King, late of said county of Pulaski, but now citizens of, and resident in, the state of Tennessee, are indeb to him in the sum of (naming it), on a promissory note, (describing it and annexing a copy) which said note the said Mary E. King and Clifford A. King refuse to pay. Petitioner further shows that on the 17th day of April, 1875, he sued out an attachment upon said debt against the said Mary E. King and Clifford A. King, returnable to the November term, 1875, returnable to the superior court of this, the said county of Pulaski, which said attachment has been duly executed by levy on the property of the said Mary E. King, and has been properly returned to, and is now pending in this court.

November term, 1875.

C. C. KIBBEE, J. G. OCKINGTON,<br>
*Plaintiff's Attorneys.*"

This is a far better declaration than the one with which we are dealing, though itself glaringly defective in not describing the property attached, and certainly informal in omitting to pray for anything whatever.

Judgment affirmed with direction.