B. D. EVANS; H D. D. TWIGGS, by brief, for plaintiffs
in error.

E. S. LANGMADE; JAS. K. HINES, by HARRISON and
PEEPLES, for defendant.

---

WILSON, assignee, *vs.* STRICKER & COMPANY *et al.*

1. A failure to attach a bill of particulars to a declaration can be cured
   by amendment, and is not good ground to set aside a judgment
   thereon.
2. A declaration in attachment ought to allege a levy on specified
   property. A declaration which set out that "the plaintiffs in at-
   tachment complain of the said Tinckham, defendant in attachment,
   who resides out of the State, and who has been attached to answer
   in an action on promises," etc., with no further allusion to the at-
   tachment proceedings, and no prayer for judgment of any kind, was
   fatally defective.
3. A verdict in an attachment case in favor of the plaintiff against the
   defendant for a specified sum is sufficient.
4. The pleadings being insufficient to base a verdict or judgment
   upon, a judgment so founded will be set aside on motion.
5. Where one attachment has been properly sued out and is proceed-
   ing legally, another attachment cannot be sued out by the same
   plaintiff against the same defendant on the same debt.
(*a.*) A levy dated six days before the date of the attachment on which
   it was based was illegal.
6. Where the sheriff's entry of levy referred to a list or invoice of goods
   thereto attached, and at the trial there was no invoice attached,
   parol testimony was admissible to prove that the same invoice or

list of goods was attached to this levy as to another levy which the sheriff had made on the same stock, and which was before the court.

Attachment. Pleading. Judgment. Verdict. Evidence. Before Judge HILLYER. Fulton Superior Court. October term, 1880.

Wilson, assignee in bankruptcy of Tinckham, moved to set aside two judgments in attachment obtained against Tinckham, one by Stricker & Co., the other by Louis & Co. The motions were heard together. The principal grounds were as follows :

(1.) Because there was no bill of particulars filed with the petition or declaration, nor with the attachment.

(2.) Because it was irregular and illegal to issue two attachments for different portions of the same account ; and no declaration was filed in either of said attachment proceedings; and one declaration averring in the aggregate the sum of both said attachments was illegal and unauthorized, especially as no order of court was taken, authorizing the consolidation of the two. [On February 2nd, 1866, a member of the firm of Stricker & Co., sued out an attachment against Tinckham for $2142.45. On February 8th, he again made an affidavit for attachment, stating that in his former affidavit he had made a mistake of $900.00. Thereupon attachment issued for that sum, and was levied. A single declaration was filed to cover both levies.]

(3.) Because the judgment in said case was not authorized by the pleadings, nor the proceedings preceding it.

(4.) Because there was no valid levy of the attachment for $900.00, as it was levied, if at all, before issued, and before the affidavit in attachment was made. [The attachment was dated February 8th, 1866, while the levy was dated February 2nd, 1866.]

(5.) Because neither the declaration, verdict nor judgment sets out or describes the property sought to be condemned and subjected to the claim of plaintiff in attachment.

When the motions came on to be heard, the levy of the Louis & Co. attachment stated that it was on a house, etc., "and also the stock of goods hereto attached;" but there was no list or invoice attached, while there was such an invoice attached to the Stricker & Co. levy. The court admitted parol testimony to show that at the time of the levy of the Louis & Co., attachment, the sheriff attached to his levy the same invoice or list of goods as that attached to the levy in the case of Stricker & Co.

The motion was overruled, and movants excepted.

E. N. BROYLES; REUBEN ARNOLD, for plaintiff in error.

JNO. L. HOPKINS; MCCAY & ABBOTT, for defendants.

CRAWFORD, Justice.

At the October term, 1866, of Fulton superior court, two judgments in attachment were obtained against John T. Tinckman, one by Stricker & Co., for $2,856.00, the other by A. Louis & Co., for $1,664.64.

At the October term, 1868, motions were made in each case by James. B. Wilson, the assignee in bankruptcy of the said Tinckham, to set aside these judgments. The motions lingered on the dockets until the last November term of said court, when the judge sitting as court and jury by consent, tried them together and decided against the motion to set aside, and the movant excepted.

The controlling grounds of the motion were, that there were no bills of particulars attached to the declarations; that the declarations themselves were not such as the law requires in cases of attachment; that the verdicts and judgments rendered did not sufficiently describe the property condemned to sale. Besides these general grounds, which were applicable to both the judgments, there were others which were made to them separately. We will dispose of them in their order.

1. In so far as the failure to attach bills of particulars to the declarations, it was ruled as early as 3 *Kelly* 79, that such failure was not a good ground to set aside a judgment, and we fully concur in that ruling.

2. The next ground insisted upon is, that the declarations were wholly defective. They set out that the " plaintiffs in attachment complain of the said Tinckham, defendant in attachment, who resides out of the State, and who has been attached to answer in an action on promises." There is no prayer for judgment of any kind, and no other or further reference or allusion to the attachment proceedings.

In the 63 *Ga.*, 688, it was held that, " Without doubt, the declaration ought to allege a levy, describe the property, and pray for a proper judgment. Attachment is in the nature of a proceeding in *rem* and the *res* should be described, and the seizure alleged. * * * * Certainly the general rule of law is, that in order to obtain a regular special judgment against particular property, the property must be described in the pleadings. There would be no good sense in a different rule."

Testing then the declaration in these cases by the law, as here ruled, the objection to the same was well taken.

3. The verdicts were rendered in the ordinary form, that is, finding so much for the plaintiffs, without any reference to the property attached. We do not very well see how a verdict could do more than to ascertain and fix the amount of the plaintiff's debt. This was the only matter submitted to the jury. What had been seized by the sheriff, or in what it consisted, were matters with which they were not charged, and with which they had nothing to do ; indeed the only purpose for which they were called was to say how much the defendant was indebted. Perhaps a verdict moulded to suit the particular case might make the proceedings more symmetrical, but we hold that such a verdict is not indispensable.

4. The judgments which formed another ground of objection, were claimed to be illegal because they had no verdicts or pleadings upon which they were authorized. Under the construction which this court has given these proceedings, no judgment in attachment could have been rendered thereon, a proper case had not been made, and therefore the property was illegally condemned to sale.

The special errors complained of in the judgment in favor of Stricker & Co. were that it was founded upon two affidavits, two bonds, and two attachments, whilst there was but one declaration, one verdict, and one judgment, and these not following either of the attachments in the amounts named when taken separately, or together. And further, that the levy upon one of them was made on the 2nd of February, when the attachment itself was not issued until the 8th of the said month.

5. The law makes no provision for a double or second attachment upon the same debt. In this case there was an attachment sued out for $2142.25 ; afterwards another or second was sued out for $900.00 due on the same demand, they were both issued in due form of law and regularly returned to the proper term of the court. The declaration was filed at the first term to cover both cases, and all the subsequent proceedings treated them in the same way. The judgment, however, which was obtained was not for the amount specified in either attachment nor for the aggregate sum of both.

The levy, as is shown by the record, having been made six days before the attachment issued on the smaller amount, is without authority of law and of course is error.

6. In the judgment obtained by Louis & Co., it was objected that the levy did not sufficiently describe the stock of goods seized, and that the judge erred in allowing parol proof to aid in establishing the same. The levy of the sheriff, as appears by his return, was, among other things upon a " stock of goods " which he says is " hereto attached." The parol testimony admitted was that the

same invoice or list of goods was attached to this levy as was to the case of Stricker & Co. We think that there was no error in allowing the witness to testify that a paper which was referred to by the sheriff in his return had become detached from the original, and especially so when he did not seek to prove its contents.

On the case, therefore, as made by this record, the judge below committed error in refusing to set aside the judgment.

Judgment reversed.