## OVERBY *vs.* HART.

1. A levy on real estate undisposed of is not *prima facie* evidence of satisfaction of the *fi. fa.*, as is the case with a levy on personalty.

(*a.*) That a *fi. fa.* has been levied on land, a claim interposed and dismissed, and the *fi. fa.* ordered to proceed, will not prevent a levy on other realty or require the *fi. fa.* to proceed on the original levy first.

2. A chancellor has power at chambers to grant leave to a trustee for minors to sell realty held by him for them, notice being given and they appearing by guardian *ad litem.*

(*a.*) Where a deed from a trustee stated in the body thereof the representative character in which he was acting, and the order authorizing the sale, it did not matter that he signed his individual name to such deed, affixing his seal, but not adding his representative character.

3. Where an execution was against four defendants, an entry of levy which failed to state on whose property it was made was not sufficient.

4. A deed not being admissible in evidence, testimony purely ancillary to it would likewise be inadmissible.

Levy and Sale.   Executions.   Trusts.   Title.   Evidence.   Before Judge CRISP.   Stewart Superior Court. October Term, 1881.

A *fi. fa.* in favor of Hart against Brown, based on a judgment rendered in 1869, was levied on a certain lot which was claimed by Overby.   On the trial, plaintiff in *fi. fa.* offered to put the execution in evidence.   On it was an entry of levy on a lot in Terrell county, and an order dismissing a claim which had been filed thereto and directing the *fi. fa.* to proceed.   Claimant in the present

case objected to the introduction of the *fi. fa.* because there was no disposition of the former levy shown. The objection was overruled.

Plaintiff also showed possession in one Snelling and his son up to 1865, then in one Byrd till 1868, then in Brown for three years. He then offered in evidence a petition by Byrd as trustee for his minor children (naming them) to sell the lot. On this petition a guardian *ad litem* was appointed (not naming the minors separately, but as the minors of John C. Byrd). Service was acknowledged, etc., and an order allowing a private sale was granted in vacation. Claimant objected to this order because it was granted at chambers, and because the names of the minors were not given except in the petition. The objection was overruled.

Plaintiff then offered in evidence a deed reciting that it was made by Byrd as trustee for his children under the order just above stated, and conveying the property to Brown, in 1866. It was signed "J. C. Byrd," without mention of the trusteeship. Claimant objected to this because it was not signed as trustee. The objection was overruled.

Plaintiff also introduced a deed from Brown to the claimant in 1872.

Claimant relied on a sheriff's deed to the land conveying it as the property of John C. Byrd, made in 1874. The record of the suit the *fi. fa.* and the entry of levy, on which this deed was based, were offered in evidence. The *fi. fa.* was against four defendants. The levy did not state as whose property the land was seized. Plaintiff. objected to this evidence on that ground, and it was rejected.

Claimant also offered certain interrogatories, which the court certifies were offered solely in support of the sheriff's deed, and were accordingly rejected with it.

The jury found the property subject. Claimant moved for a new trial, assigning error on each of the rulings stated

above. The motion was overruled, and the claimant excepted.

J. L. WIMBERLY; R. F. WATTS; E. H. BEALL; DU-PONT GUERRY, for plaintiff in error.

T. H. PICKETT; W. A. LITTLE, for defendant.

JACKSON, Chief Justice.

1. On the trial of this claim case, it was objected by claimant that a levy on another piece of land was not disposed of, and that therefore this second levy on other land and the *fi. fa.* on which it appeared should be rejected as evidence for plaintiff. The land first levied on had been claimed and the claim withdrawn, and the *fi. fa.* ordered to proceed, and it is argued that it must proceed on the first levy first.

We cannot see why. The first levy being on land, was no satisfaction of the judgment, as it might have been on personal property, and this takes the point here out of section 3657 of the Code. 6 *Ga.*, 414; 39 *Ib.*, 347.

2. The chancellor at chambers had power to order the sale of the property of the minors. They had notice and appeared by guardian *ad litem.* Code, §2327. There was no error, therefore, in admitting the order to the trustee to sell and the deed thereunder. It matters not that the deed was not signed "as trustee." The body of it sets out the order to sell and the character in which the deed was executed by the trustee who signed his own name thereto with seal affixed.

3. The claimant introduced or tendered a sheriff's deed to him with *fi. fa.* and levy. The execution was against four defendants, and the levy did not state whose property it was. Whereupon it was ruled out. The point is decided in 53 *Ga.*, 189. That case cites Code, §3640, and the reasoning is conclusive on the section as covering that and hence this case. Besides, this court, in 11 *Ga.*, 427,

adopts the rule in 4 Wheaton, 503, and makes the purchaser bound to look to the judgment, the levy and deed, and at sheriff's sales requiring him to notice only these. *Caveat emptor* is not to be applied to him in any other conduct of the officer or other authority to sell and convey.

4. The interrogatories ruled out were only offered, as certified by the judge below, as ancillary to the deed of the sheriff. That being ruled out, they fell under the same blow.

Judgment affirmed.