## COOPER, administrator, *v.* YEARWOOD.

1. Where an execution against several defendants is levied upon certain land, and the entry of levy does not show as whose property the land was levied on, a sale and deed made under such levy will not divest the title of the real owner of the land.
2. That a claim was interposed to such land, though the claim affidavit recited that the land was levied on as the property of one of the defendants, does not estop the claimant from raising the point of the defect in the levy.

Argued November 3, — Decided November 16, 1903.

Equitable petition.    Before H. H. Perry, judge pro hac vice. Habersham superior court.    March 4, 1903.

*W. I. Pike, I. L. Oakes, J. W. Owens, Howard Thompson,* and *Spencer R. Atkinson,* for plaintiff.

*J. B. Jones* and *H. H. Dean,* for defendant.

TURNER, J.   C. A. Cooper, as the administrator of the estate of A. M. Gribble, deceased, had advertised for sale at the court-house door in Habersham county certain lands lying in that county, and Susan Yearwood, under the statute, filed a claim to the land, in

which she swore that the land was not the property of the estate of A. M. Gribble, but was the right and property of the claimant. Cooper, the administrator, filed a petition on the equity side of the court, ancillary to and in aid of the issues made as to title, etc., in which petition he set forth the title on which he relied, to wit: (1) a deed from A. M. Gribble, as sheriff, to J. A. Erwin, and (2) a deed from Erwin to Gribble, conveying an undivided one-half interest in the land; and prayed for an injunction or restraining order to prevent further waste, and also for rent, damages, etc. To this latter proceeding an answer was filed by the claimant. On all the questions and issues raised by said petition and answer the case went to trial. The plaintiff tendered in evidence the deed from A. M. Gribble, as sheriff, to J. A. Erwin, conveying the land in dispute, together with the proceedings out of which the fi. fa. issued under which the land was sold, and also the said fi. fa. and the entry of levy thereon. The claimant objected to these papers going in evidence, because the entry of levy did not show as whose property the land therein described was levied on. This entry of levy was as follows: "I have this day levied the within fi. fa. upon a certain tract of land in Habersham county, Georgia, and known as a part of the Moreno Survey, containing three hundred and seventy-three and one third acres, more or less, and being the land sold to Tillman Yearwood by Lewis Davis, May 23rd, 1888, also known as the Skelton land. Also, the home place of the said Tillman Yearwood, on the waters of the north prong of Toccoa creek, and bounded by lands of Y. A. Ryder, S. S. Yearwood, C. A. Cooper, and James J. Wood, containing six hundred acres, more or less. This December 3rd, 1896. [Signed] A. M. Gribble, sheriff." The fi. fa. on which this entry of levy was made was in favor of W. Y. Atkinson, Governor of the State of Georgia, and was issued against J. A. Yearwood, as principal, and Tillman Yearwood, J. M. Yearwood, and A. F. Yearwood, as securities. The plaintiff, Cooper, administrator, then also tendered in evidence, in support of the levy, a claim affidavit sworn to by this same claimant on December 30, 1896, which recited that the land was levied on as the property of Tillman Yearwood. On this claim affidavit was the following entry: "Filed in office the 5th day of January, 1897. [Signed] J. A. Erwin, Clerk." This was not the claim affidavit filed in the claim case to which the petition of

Cooper, the administrator, was ancillary, but was the one inter-posed to the levy made by the sheriff, under which he sold the land on January 5, 1897, and on the same day made a deed thereto to Erwin.

When these papers were all tendered in evidence, the claimant still objected to the introduction of the levy and the sheriff's deed, first, on the ground that the levy did not authorize a sale of the land by the sheriff as the property of Tillman Yearwood, be-cause the entry of levy did not recite that the land was levied on as his property, the fi. fa. being against several defendants; and, second, on the ground that the judgment on which this fi. fa. issued appeared to have been entered at Rabun superior court, and no minutes of Habersham superior court were offered (the proceed-ings above mentioned purporting, in all other respects, to have been had in the latter court); and, third, because the claim affi-davit filed January 5, 1897, showed pendency of the claim when the sale was made under which said deed was executed. The court sustained the first objection of claimant and repelled the deed, holding that the levy did not authorize the sale by the sheriff; that the deed was not admissible in evidence; and that the claimant was not estopped by her former claim affidavit, in which was the recital that the property was levied on as the prop-erty of Tillman Yearwood, from objecting to the same levy on the ground that it did not show that the land was levied on as the property of Tillman Yearwood, there not appearing to have been any disposition of said claim or that the sale was stopped in consequence of it. To the rejection of this evidence Cooper, the administrator, excepted. Plaintiff offering no further evidence, the claimant then moved a nonsuit, which motion was sustained by the court, and to the judgment awarding the nonsuit the plain-tiff also excepted.

The entry of levy made on the execution, from which Cooper, administrator, claimed that J. A. Erwin derived title at the sher-iff's sale, recited that a levy had been made " upon a certain tract of land in Habersham county, Georgia, and known as a part of the Moreno Survey, . . and being the land sold to Tillman Yearwood by Lewis Davis, May 23rd, 1888, also known as the Skelton land. Also, the home place of the said Tillman Yearwood, on the waters of the north prong of Toccoa creek and bounded by lands of Y. A.

Ryder, S. S. Yearwood, C. A. Cooper, and James J. Wood," etc. These were mere words of description, and did not in terms designate the lands described as the property of Tillman Yearwood, one of the defendants in fi. fa. This omission, we think, was fatal. *Anderson* v. *Lee,* 53 *Ga.* 189; *Overby* v. *Hart,* 68 *Ga.* 493; *New England Mortgage Security Co.* v. *Watson,* 99 *Ga.* 733; *Tuells* v. *Torras,* 113 *Ga.* 691. Cooper, the administrator, undertook to show that the claimant was concluded and estopped from making this objection, because she had previously filed in the superior court of Habersham county an affidavit in which she claimed these lands in resistance to the levy made thereon by the sheriff, reciting in this affidavit that the property claimed had been levied on as that of Tillman Yearwood. No reason occurs to us why this claim affidavit, with the recital therein contained, should operate as an estoppel upon her. In the case of *Hudspeth* v. *Hall,* 69 *Ga.* 777, which was a claim case, it appears that the entry of levy simply described certain lots of land, without reciting as whose property the land was levied on; and to the levy a claim was interposed in the usual form, reciting that a fi. fa. in favor of a named person, issued against two defendants also named, had been levied on the land as the property of one of these defendants. On the trial of that case counsel for the claimant moved to dismiss the levy, because it was vague and uncertain and did not show as whose property the land was levied on. The decision of this court was that "the claimant was not estopped from raising the point of the defect in the entry by reason of the interposition of the claim."

The two questions hereinbefore settled necessarily controlled the decision of this case, and a nonsuit properly followed.

*Judgment affirmed. All the Justices concur.*