## McREYNOLDS *et al. v.* COLCLOUGH.

1. In an attachment against non-resident debtors, where no notice is given to the defendants, the plaintiff, if entitled to recover, can recover only for the money demand to be satisfied by a sale of the attached property. Equitable relief in personam can not be administered in such a proceeding.

2. The attachment ran against three persons; judgment was prayed against all of them, and the verdict was against all. There was no evidence authorizing the verdict as to one of them, and as to that defendant the verdict is unsupported by evidence.

3. The officer's return of the attachment writ is the foundation of the court's jurisdiction in all subsequent proceedings against the property attached, and he must return the writ as having been levied on property as that of one or more of the defendants named in the writ.

APRIL 11, 1917.

Attachment. Before Judge Wright. Walker superior court. March 2, 1916.

E. A. Colclough sued out an attachment against J. H. McReynolds, Mrs. J. H. McReynolds, and Earl Cook, on the ground that they were non-residents of the State. The return of the levying officer was that he had executed the attachment "by levying on 239 shares of the capital stock of the Crystal Springs Bleachery Company of Chickamauga, Walker County, Ga., standing in the name of Mrs. J. H. McReynolds, wife of J. H. McReynolds, and one share of the capital stock of said corporation standing in the name of J. H. McReynolds, and 20 shares of the capital stock of the said corporation standing in the name of Earl Cook, each share of the face value of $100.00, one hundred dollars; and I did forthwith serve a copy of the foregoing attachment, together with my entry of levy, upon D. A. Jewell, the president of said Crystal Springs Bleachery Company, at the principal office of the said company, at Chickamauga, Georgia, at six o'clock p. m. This 29th day of December, 1914." The plaintiff filed a declaration alleging, in substance, as follows: The defendants resided in the State of Tennessee. The firm of J. H. McReynolds and Company, composed of J. H. McReynolds and Earl Cook, conducted at Chattanooga a brokerage business of buying and selling stock, bonds, grain, and cotton for their patrons; they were members of the Cotton Exchange of New Orleans and the Board of Trade of Chicago, and posted on a blackboard what purported to be the market quotations of these exchanges, and represented that they were doing an honest brokerage business. On the faith of such representation the plaintiff dealt with the firm, buying and selling, at various times since February 1, 1913, stocks, cotton, and grain; and the aggregate transactions amounted to $5000, which sum he paid in cash to the defendants. Instead of doing an honest business, they conducted a fraudulent scheme to rob the public by reporting and displaying fictitious quotations and by dealing with their patrons with such false quotations. The plaintiff would not have lost the money entrusted to the defendants for buying and selling stocks, etc., if his orders had been honestly executed. The whole sum was fraudulently appropriated by the defendants in pursuance of their fraudulent scheme to rob the public, including himself. The fraudulent scheme of the defendants was not discovered until

a few months before bringing the suit, when several of their patrons charged them with dishonest transactions and demanded restitution. The defendants confessed to these patrons their fraudulent scheme, and made settlements with them upon threats of criminal prosecution. Petitioner has not been able to secure an interview with McReynolds, who has absconded from Chattanooga, and has been unable to obtain a settlement, and has been defrauded of the various amounts paid by him to the defendants. Prior to the exposure of their fraudulent practices the two partners were the owners of considerable stocks and securities, but upon exposure they began a systematic effort to conceal and dispose of their holdings to their wives. J. H. McReynolds is charged to have transferred 239 shares of stock of the Crystal Springs Bleachery Company to his wife for the purpose of delaying and hindering his creditors and the creditors of his firm. An attachment has been sued out and levied on the shares of stock standing in the names of J. H. McReynolds, Mrs. J. H. McReynolds, and Earl Cook. The prayer is for judgment against J. H. McReynolds, J. H. McReynolds and Company, Mrs. J. H. McReynolds, and Earl Cook, for $5000, that the property levied on be sold and the proceeds of the sale be applied to the satisfaction of the plaintiff's debt, and that the transfer of the 239 shares of stock standing in the name of Mrs. McReynolds be declared void. No notice was served on the defendants of the attachment or of the filing of the declaration, and there was no appearance by them. A verdict was returned for the plaintiff in the sum of $4000 principal, and $205.31 interest, with a finding that the transfer of the Crystal Springs Bleachery stock was void. The defendants moved for a new trial, which the court refused, and they bring error.

*R. M. W. Glenn* and *W. H. Payne,* for plaintiffs in error.

*W. H. Ennis* and *Rosser & Shaw,* contra.

EVANS, P. J. (After stating the foregoing facts.)

1. The attachment process, being unknown to the common law, should be strictly construed and pursued; especially as against non-resident debtors. *Mills* v. *Findlay,* 14 *Ga.* 230. Attachment lies only for money demands, though such may spring either from contract or tort. Civil Code (1910), § 5069; *Monroe* v. *Bishop,* 29 *Ga.* 159. The process of attachment against non-resident debtors and the attachment against fraudulent debtors are very dif-

ferent proceedings. The former issues as a matter of course, upon affidavit made before a justice of the peace, or other judicial officer authorized by statute, that the amount claimed is due and that the defendant is a non-resident, upon giving the statutory bond. Civil Code (1910), §§ 5055-5060. An attachment against a fraudulent debtor is issued only by the judge of the superior court, or by his authority on petition. Civil Code (1910), § 5088 et seq. The procedure is totally dissimilar. In the instant case the plaintiff obtained a verdict against the defendants for a stated amount, and also that the transfer of the stock of the Crystal Springs Bleachery Company by J. H. McReynolds to his wife was void. This verdict is unauthorized. The court did not have jurisdiction over the cancellation of the transfer of stock as being fraudulent, for the reason that neither of the defendants was served with notice of the suit, and relief of this kind can be afforded only by a judgment in personam. In an attachment like this, only a judgment for the money demand can be rendered, to be executed by a sale of the attached property. Equitable relief in personam can not be administered where the court has no jurisdiction over the person of the defendant.

2. The verdict was returned against all of the defendants. The attachment ran against all these defendants as being indebted to the plaintiff, and in his petition he prayed for a judgment against all three defendants, and the verdict was "for the plaintiff in the sum of $4000 principal, and $205.31 interest." There was not a word of evidence tending to show that Mrs. McReynolds was connected with the transactions between the plaintiff and her codefendants. The verdict as to her is without evidence to support it. The sufficiency of the declaration in attachment was not challenged, nor was there any objection to the evidence, and neither of the defendants participated in the trial. For that reason we pretermit a discussion of the evidence as being sufficient to support the verdict as to McReynolds and Cook.

3. The verdict is void for the reason that the levy was invalid. The officer's return of the attachment writ is the foundation of the court's jurisdiction in all subsequent proceedings against the property attached, and he must return the writ as having been levied on the property of one or more of the defendants named in

the writ. 1 Wade on Attachment, § 144; *Albright-Pryor Co.* v. *Pacific Selling Co.,* 126 *Ga.* 498 (55 S. E. 251, 115 Am. St. R. 108); *Tuells* v. *Torras,* 113 *Ga.* 691 (4), 694 (39 S. E. 455); *Cooper* v. *Yearwood,* 119 *Ga.* 44 (45 S. E. 716). The return that the officer levied the attachment on three blocks of shares of stock standing in the name of three separate defendants is not a return that he levied on such shares of stock as the several property of each of the defendants, or as the joint property of all of them. In *Cooper* v. *Yearwood,* supra, the attachment ran against Tillman Yearwood, and was levied on a tract of land described as having been sold to Tillman Yearwood by Lewis Davis on May 23, 1888, and known as the home place of Tillman Yearwood, with further description as to boundaries; and it was held that these words of description did not designate that the land was levied on as the property of Tillman Yearwood. In *New England Mortgage Co.* v. *Watson,* 99 *Ga.* 733 (27 S. E. 160), an entry of levy of the attachment upon certain described land, with the statement, "tenant in possession notified this day in writing," was held to be an insufficient return of a levy, because it did not specify that the land was levied on as the property of the defendant. The proof of a valid levy, where there is no notice to the defendant, is essential to make out the plaintiff's case. Without such proof the verdict must fall.

    *Judgment reversed. All the Justices concur.*