39622. LESTER v. LUTTRELL.

Decided September 5, 1962—Rehearing denied September 21, 1962.

*Marson G. Dunaway, Jr.,* for plaintiff in error.
*Robert Edward Surles,* contra.

BELL, Judge. When an attachment is returnable to the super-ior or county court, the plaintiff shall file his declaration at the first term. *Code* § 8-601. It is undisputed that no declaration was filed in this case after the attachment. However, the plain-tiff contends that his petition for attachment was equivalent to a declaration, and even though it was defective, the defect was amendable and the judgment cured the defect. *Code* § 110-702.

In *Mehring v. Charles,* 58 Ga. 377, the Supreme Court held that the seizure of the defendant's property by process of at-tachment will give the court jurisdiction to enable the plaintiff to file his declaration against the defendant provided the plain-tiff alleges in the declaration that the defendant's property has been attached and ". . . instead of praying process against the defendant, pray that the court will render a judg-ment that the property levied on may be sold in satisfaction of his demand." Ibid., p. 379. It appears that at least some reference to the previous attachment is requisite for a good or an amendable declaration. *West v. Gainesville Nat. Bank,* 32 Ga. App. 703, 707 (124 SE 733). See also *Kolb v. Cheney,* 63 Ga. 688, 691; and *Wilson v. Stricker & Co.* 66 Ga. 575 (2,4) 578.

Viewed in the light of the above authorities, the petition in the present action is not sufficient to constitute a declaration in attachment as required by *Code* § 8-601. The defects inherent in the petition were not curable by the judgment. Anything to the contrary in *Smith v. Jacksonville Oil Mill Co.*, 21 Ga. App. 679 (94 SE 900), must yield to the Supreme Court cases of *Kolb* and *Wilson*, supra.

Furthermore, the record reveals that there was no return of the writ of attachment. The return by the officer of the attachment writ is the foundation of the court's jurisdiction in all subsequent proceedings against the property attached. *McReynolds v. Colclough*, 146 Ga. 696 (3) (92 SE 206); *Chastain v. Alford*, 193 Ga. 551, 552 (19 SE2d 721).

The affidavit to the writ for the attachment was made before the clerk of the superior court and not before a judicial officer as required by *Code* § 8-109. If the attachment had been otherwise valid, for this reason it was absolutely void. *Heard v. National Bank of Illinois*, 114 Ga. 291 (2) (40 SE 266). Also see *Worley Bros. Granite Co. v. Haskins*, 105 Ga. App. 444, 448 (124 SE2d 663).

The trial court properly arrested the judgment and dismissed the attachment.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*