42470. TENNESSEE-VIRGINIA CONSTRUCTION COMPANY v. WILLINGHAM.

ARGUED JANUARY 9, 1967—DECIDED JANUARY 24, 1967.

*Gettle & Jones, Sherman C. Fraser, Jr.,* for appellant.

*Gambrell & Mobley, Albert Sidney Johnson,* for appellee.

QUILLIAN, Judge. The sole contention of the defendant, appellant here, is that attachment will not lie to recover unliquidated damages or where the contract breached requires property other than money to be delivered to the plaintiff.

In support of the contention the defendant cites *Mills v. Findlay,* 14 Ga. 230, and *Monroe v. Bishop,* 29 Ga. 159. The *Mills* case, decided in 1853, held that attachment would not lie to recover unliquidated damages. Thereafter, in 1857, the General Assembly adopted an Act, now codified as *Code* § 8-102, which provides: "In all cases of money demands, whether arising ex contractu or ex delicto, the plaintiff shall have the right to sue out the attachment when the defendant shall have placed himself in such situation as will authorize a plaintiff to sue out attachment." See *Code* § 8-101 (grounds of attachment). In construing the statute adopted after the decision in the *Mills* case the Supreme Court held that attachment would lie for unliquidated money demands. *Morton v. Pearman,* 28 Ga. 323. The decision in the *Monroe* case, supra, relied on by the defendant involved an attachment sued out at a time when no debt was presently due and on an obligation which could be satisfied *in futuro* by other than the payment of money, to wit: notes.

In the case sub judice the plaintiff seeks the issuance of attachment based on *in praesenti* money demands, although concededly unliquidated. Hence, the declaration was not subject to the defendant's general demurrers for any reason assigned.

*Judgment affirmed. Frankum, P. J., and Deen, J., concur.*