43906. SHELTON v. STONE & SONS PLUMBING COMPANY et al.

PANNELL, Judge. Where a plaintiff institutes an action in this State alleging therein that the defendant is a nonresident of

this State, and seeks a personal judgment against the defendant, and a judgment on a materialman's lien against realty, and the record shows on its face there is no personal service upon defendant, and the defendant does not appear and plead, the judgment rendered thereon is void. See *Ford v. Southern R. Co.*, 33 Ga. App. 24 (1) (125 SE 479).

Where, at the same time and in the same court, the same plaintiff secured a writ of attachment against the same defendant on the same debt, the ground of attachment being the nonresidence of the defendant, the petition above referred to cannot be considered as the declaration in attachment required by *Code Ann.* § 8-601. See *Lester v. Luttrell*, 106 Ga. App. 574, 575 (127 SE2d 817). And it being now too late to file a declaration of attachment in the absence of a waiver by the defendant which does not appear as a matter of record, no valid judgment against the defendant can be entered in the attachment proceedings. *Callaway v. Maxwell*, 123 Ga. 208 (2) (51 SE 320).

Accordingly, upon traverse to an answer filed to the service of a summons of garnishment based on the attachment, the trial judge finds in favor of the plaintiff and enters a judgment against the garnishee, such judgment is unauthorized until a judgment against the defendant is secured. *Code* § 46-405. The record discloses that no valid judgment was entered, or can be entered in the suit instituted by the plaintiff against the defendant (even if such a judgment would be sufficient here), and that no valid judgment against the defendant can be entered in the attachment proceedings upon which the garnishment was based. It therefore becomes unnecessary to determine whether the trial judge's finding from the evidence that the garnishee was indebted to the defendant was supported by the evidence, and direction is given that the judgment against the garnishee be vacated.

*Judgment reversed with direction. Jordan, P. J., and Deen, J., concur.*

Argued September 10, 1968—Decided October 1, 1968.

*James L. Mayson*, for appellant.