No. 17.—WILLIAM HUMPHRIES, plaintiff in error, *vs.* MORGAN
CHASTAIN, defendant.

[1.] After the dissolution of a co-partnership, one partner cannot bind the other by a new contract, as by indorsing a promissory note in the name of the partnership; although it be for a debt due by the copartners before the dissolution.

Assumpsit.   Tried before Judge WARREN, in Baker Superior Court, June Term, 1848.

This was an action of assumpsit, brought by Humphries vs. Chastain, on a promissory note, indorsed by Chastain & Harvey. The declaration alleged that Harvey, since the indorsement, had become a certified bankrupt.

It appeared on the trial, that Chastain & Harvey, had been partners in trade, and it was in proof by the defendant, that the copartnership had been dissolved before the indorsement of the note; that the indorsement was made by Harvey; that the firm's name was used by Harvey, without his (Chastain's) authority. The plaintiff then proposed to prove that the note was indorsed by Harvey, to pay a debt due from the firm to the plaintiff. The Court refused to allow the proof, deciding that that would make no difference in the liability of Chastain.

To this decision, the defendant excepted, and brought his writ of error.

LYON, for plaintiff in error.

STROZIER, for defendant, cited—  '

2 *Bisset on Partn.* 162, 90, 92.   1 *H. Black.* 155.   1 *N. &*
*McC.* 561.   4 *John.* 424.   1 *McCord*, 16.   1 *Peters*, 357.   2
*Johns.* 300.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The question made by the record in this case, is, whether

one partner, after the dissolution of the copartnership, can bind his copartner by a *new contract*, for the payment of a pre-existing copartnership debt.

That after the dissolution of a copartnership, one copartner cannot bind the other by indorsing a note in the copartnership name, is, we think, well settled, both upon principle and authority ; and that the note so indorsed, is in payment of a debt due by the copartnership, makes no difference. *Lyon on Partnership,* 274. *Sanford vs. Mickles & Forman,* 4 *Johns. Rep.* 224. *Hackley vs. Patrick,* 3 *Johns. Rep.* 528. *Foltz vs. Powrie & Dawson,* 2 *Dessaussure's Eq. Rep.* 40. *In Bell vs. Morrison,* 1 *Peters' Rep.* 352, it was held that a dissolution of a copartnership, puts an end to the authority of one partner, to bind the other ; it operates as a revocation of all power to create *new contracts,* and the Court below did not err in rejecting the testimony offered, and ruling that Chastain was not bound by the indorsement made by Harvey, in the name of the partnership, after its dissolution. Let the judgment of the Court below be affirmed.