ISAAC E. BOWER, plaintiff in error, vs, THOMAS L. DOUGLASS, adm'r., defendant in error.

[1.] To sustain a motion to dismiss, made by way of demurrer to the declaration, the motion will not be allowed, unless every material fact on which the motion is founded, is apparent in the declaration.

[2.] Evidence ought not to be admitted unless it be applicable to some issue made in the pleadings.

[3.] If a note be given for a balance on an account stated, the account thus settled cannot be pleaded as a set-off. The proper defence is one which makes an issue upon the settlement.

[4.] After the dissolution of a partnership, one partner cannot bind another by a new contract.

Complaint, from Randolph county. Tried before Judge KIDDOO, May Term, 1858.

Kirksey and Bower were partners, and after they had dissolved, Kirksey converted an open account against the firm into a liquidated demand, by signing the name of the firm under seal to a note in favor of Hendrick & Hungerford. This note fell into the possession and control of Hendrick, who sued Kirksey and Bower upon it.

Upon the trial, defendant's counsel moved to dismiss said cause as to Bower, on the ground that it appeared, from the declaration, that the instrument sued on was under seal, and executed and delivered by only one member, in the name of the firm.

Which motion was overruled, and defendant, Bower, excepted.

Thereupon plaintiff put Kirksey on the stand, who testified that he and Bower had been partners, and that he executed and delivered the instrument sued on at the time it bore date, and that Bower was not present or assenting; that they dissolved partnership in the latter part of 1851. The note sued on bore date April 6th, 1853. That after dissolution with Bower, he went into partnership with Marlin before he made this note, and continued, under the new firm, o trade with Hendrick, and that this note was given in set -

em*nt b*tw een the old firm of Kirksey & Bower, and of Hendrick and Hungerford.

*Cross examined.* He stated that at the time of the making of the note, Kirksey and Bower owed Hendrick & Hungerford nothing; that they owed them—K. and B.—upon a fair settlement, and that the balance was struck in favor of Hendrick and Hungerford by mistake, and said note given for it.

Plaintiff moved to strike out what Kirksey had said on cross examination, to which defendant objected. The Court sustained the motion, and defendant excepted. Defendant moved the Court to be allowed to amend and plead the amount due to Kirksey & Bower by Hendrick & Hungerford in off-set. Which the Court refused, and defendant excepted.

Defendant introduced Eugenius Douglass, who testified that he, as agent of Hendrick, to whom the assets of Hendrick and Hungerford had been turned over after dissolution, took the note which Kirksey made and delivered, and he knew the firm of Kirksey & Bower had been dissolved.

*Breagan* swore that the old firm of defendants was dissolved in December, 1851, and it was advertised and posted about Cuthbert; and Hendrick lived in and about Cuthbert all that time, and must have known it.

Defendants then requested the Court to charge the jury, in writing:

"That after dissolution, one partner cannot, by his separate acknowledgment, convert an open account into a liquidated demand so as to charge his former partner:

That after dissolution, one partner cannot, by his separate acknowledgment, convert an open account into a liquidated demand, so as to charge his former partner with interest:

That after dissolution, one partner cannot bind his former partner by a new contract, even though it be for an amount due by the partners before dissolution:

That after dissolution, one partner has no authority, from

the mere fact that they had been partners, to charge his former partner by executing a sealed instrument in the name of the firm; and if so executed by one partner, it does not bind him who did not execute it, unless expressly authorized.

All which charges, as requested, the Court refused to give, but charged the jury, that if they believed the instrument sued on was given on a settlement of accounts between the old firms of Kirksey & Bower and Hendrick & Hungerford, they must find for the plaintiff; and that they had no right to consider any mistake that had been made in the settlement, or any of the evidence ruled out.

To all which refusals to charge, and the charge given, defendant excepted; and on the several exceptions herein contained, assigns error.

I. E. Bower, for plaintiff in error.

Douglass & Douglass, for defendant in error.

*By the Court.*—McDonald, J. delivering the opinion.

[1.] The motion to dismiss the case was made before any proofs were submitted to the Court and jury, and was predicated on what appeared in the declaration. The note is a sealed note, and is signed with the firm name, but it does not appear by whom it was signed, whether by Kirksey or Bower; nor does it appear in the declaration that both partners were not present, assenting to it. We are of the opinion of the presiding Judge in the Court below, that the cause ought not to have been dismissed.

[2.] If, when a party to a suit is introduced as a witness on the trial, the party introduced has a right to testify in the cause generally, beyond the point to which he is introduced; or if he cannot testify but in explanation thereof, the pleadings ought to be such as to make the evidence admissible under hem. The defendant no where plead the non-existence

of an account due to the firm to which the note was given, by the firm giving the note. The defendant, Bower, pleads that it was given by Kirksey, his former partner, for his private debt, and that it was not given for any matter or thing within the scope of any partnership business, if any partnership ever existsd. Independent of other considerations, the evidence was not admissible under the state of the pleadings. If the plea had set up such defence, the plaintiff might have been able to prove an account due by the defendants to the firm of Hendrick & Hungerford during the existence of both partnerships.

[3.] Under the facts disclosed in the record, we will not overrule the decision of the Court below refusing the motion to file a plea of set-off. The proper defence was a special plea, under our statute, setting forth the facts which were proven on the trial. If there were mutual accounts, they were settled by the giving of the note, and an account thus settled could not be pleaded as a set-off. Fraud or mistake in the settlement would have been a good defence to the note, to the extent that either could have been established.

[4.] The plaintiff in error submitted, in writing, several requests to the Court to charge the jury, amounting, in effect, to the same thing, that the defendant, Kirksey, had no right to bind Bower, after the dissolution of the partnership, by a new contract, even though the consideration be a debt due by the partners before dissolution. This point has been ruled by this Court, and upon the authority of that adjudication we hold, that the Court ought to have charged the jury as requested; that after the dissolution of the firm, one of the former partners cannot convert an open account, not bearing interest, into a liquidated demand bearing interest, so as to charge the other partner with a liability, with which he was not chargeable at the time of the dissolution. *Humphries vs. Chastain*, 5 *Ga.* 166.

Judgment reversed.