Maund vs. Keating.

---

JOHN C. MAUND, plaintiff in error, vs. JOHN R. KEATING, defendant in error.

Where there has been no service and no appearance, illegality is the proper remedy by which to resist a levy; but if, at the hearing, the record show a regular return of service by the proper officer, such return will be conclusive until traversed according to law, unless it be made to appear that the court, with actual service, would have had no jurisdiction of the defendant or of the subject matter of the suit.

Illegality. Service. Return. Sheriff. Before Judge JAMES JOHNSON. Talbot Superior Court. March Term, 1875.

This decision also disposed of the case of John M. Grant vs. Gregory Bass, decided by Judge James Johnson at the April term, 1875, of Harris superior court, argued for plain-

Maund vs. Keating.

tiff in error by L. L. Stanford, and for defendant, by James M. Mobley.

The facts will be found in the opinion.

W. A. LITTLE; E. H. WORRILL, for plaintiff in error.

WILLIS & WILLIS, for defendant.

BLECKLEY, Judge.

John R. Keating filed his declaration of complaint vs. John C. Maund, to the March term, 1871, of Talbot superior court. The sheriff made the following entry on the original declaration:

" Served John C. Maund with a copy of the within process by leaving at his most notorious place of abode. March 3d, 1871. H. HALL, *Sheriff.*"

At the March term, 1872, the plaintiff took judgment by default, and execution issued and was levied on the property of the defendant, who interposed an affidavit of illegality, alleging as his only ground, that he had never been served with a copy declaration and process according to law. At the March term, 1875, of Talbot superior court the plaintiff tendered issue on said affidavit and a jury was impanneled to try the issue. The original declaration, process and return of the sheriff were admitted in evidence.

The defendant then proposed and offered to prove by witnesses that he had not been served, and that the return made by the sheriff was not true, which testimony the court refused to admit.

The court then further ruled that there was no issue to submit to the jury ; that the return of the sheriff was conclusive between the parties, and that the defendant is estopped from denying the return and can only show its falsity in an action against the sheriff. The court then dismissed the affidavit of illegality.

Where a judgment debtor, after levy upon his property, alleges that he has not been served and has not appeared, affi-

davit of illegality is his proper remedy. He can thus bring himself before the court, Code, section 3671, and have what he alleges tried, under the rules of evidence that apply to such an issue. One of these rules is that if there be an entry of service by the sheriff or other proper officer, the defendant may traverse it, if he does so within the prescribed time : Code, section 3340 ; 47 *Georgia Reports,* 320 ; 49 *Ibid.,* 231. We think, for the sake of making a complete record, and showing on the face of the proceedings that the return has or has not been successfully attacked, that there should be a formal traverse of it in writing before any evidence is received to impeach it. We hold, moreover, that until thus traversed and falsified, the return is conclusive; provided the case be one in which, if actual service had in fact been made, there would have been no defect of jurisdiction in the court, either as to the person of the defendant or as to the subject matter of the suit. With such defect, the return, like the judgment of a court having no jurisdiction, would be open to attack at all times and in all places : 48 *Georgia Reports,* 491. Whatever facts exist to show that the return need not be traversed, or that it is or has been traversed within due time, should be alleged by the defendant. Presumptions are against him where the return is regular on its face, and it is for him to make good his right to attack it. He should show that he is not too late : 49 *Georgia Reports,* 231. In the case under review there was no traverse of the return. Evidence was offered against it without any pleading whatever to rest such evidence upon. The court was right in excluding it, and when excluded the return stood on the record uncontradicted ; and the court could and did try the issue of illegality by inspection. There was nothing for the jury; and the judgment dismissing the affidavit of illegality, though put upon too high a ground, was correct.

Judgment affirmed.