JOHN D. KEATON, administrator, plaintiff in error, vs. GREEN R. MOORE, defendant in error.

Where the process bears date after the sheriff's return of service, the the return is no evidence and need not be traversed, and though the sheriff be dead, the defendant is a competent witness to prove he was not served.

Service. Practice in the Superior Court. Witness. Before Judge WRIGHT. Mitchell Superior Court. May Term, 1877.

Reported in the opinion.

BOWER & CRAWFORD; D. G. GURLEY, for plaintiff in error.

STROZER & SMITH; McGILL & O'NEAL, for defendant.

BLECKLEY, Judge.

Judgment was rendered in 1866, against two defendants. *Fi. fa.* issued thereon was levied in 1874, upon one of the defendant's property. He filed an affidavit of illegality, on the ground that he had never been served, had no notice of the suit, no opportunity to defend, and had never had his day in court. The plaintiff took issue on this affidavit, and it was tried before a jury. The record of the suit was put in evidence. From this it appeared that the other defendant was served by the sheriff, and that there was a return of service on the declaration, signed by the deputy sheriff,

to the effect that this defendant was served on the 9th day of April, 1863. The process bore date May 25th, 1863, and required appearance at the superior court to be held "on the second Monday in May next." The bench docket was in evidence. On it was an entry of service corresponding with the deputy sheriff's return, and this further entry: "Answer—Verdict, May term, 1866." No counsel was marked on the docket as representing the defendants; and, so far as appears, no plea was filed. The defendant did not traverse the deputy sheriff's return, but offered himself as a witness to prove that he was never served, etc. The court excluded him, the deputy sheriff being dead. The jury rendered a verdict in favor of the plaintiff, and the defendant moved for a new trial, on the ground that there was no issue which the jury could try; and on the further grounds that the court erred in excluding the defendant as a witness; that the verdict was contrary to law, to evidence, and to the charge of the court; and because of newly discovered evidence. In support of the last ground, the defendant filed his affidavit, to the effect that since the trial he had been informed that he could prove by the plaintiff (who was absent from the state) that the *fi. fa.* had been paid off, except as to the costs. Who his informant was, was not disclosed, nor did it appear on what facts or circumstances, or on what authority, the information rested. The court granted a new trial, and the plaintiff excepted.

We should reverse the ruling of the court in granting a new trial, if it were not that the process bore date after the return of service, and even after the term of the court at which the case was docketed. It may be that this date was a mistake, but if so, it ought to be explained and amended. According to the face of the record, the sheriff, or his deputy, had no authority to serve the defendant at the time the return affirms the service was effected. This being so, the return is no evidence of service, and there was no occasion to traverse it. The return not being in the way, the defend-

ant was a competent witness to prove that he had never been served, if his evidence was needed. The entry of "answer" on the docket did not conclude him, as there was no plea, and not even the name of counsel marked.

Cited for plaintiff, Code, §§ 3854, 3335; 55 *Ga.*, 396; 38 *Ib.*, 106; 56 *Ib.*, 51, 195, 517; 12 *Ib.*, 461; 28 *Ib.*, 576; 55 *Ib.*, 325; 6 *Ib.*, 276; 56 *Ib.*, 401, 403; 9 *Ib.*, 413.

Judgment affirmed.