## COX *et al. vs.* MONTFORD, administratrix.

1. Where an officer making a levy cannot write, an entry thereof written out by another, in his presence and by his procurement, and signed by him with his mark is good.
2. The statute of limitations does not run against a *fi. fa.* while it is prevented from proceeding by an injunction.
3. The requirement that notice of a levy on realty shall be given to the tenant is directory, and failure to give notice does not *ipso facto* render the levy void.

Levy and sale. Officers. Notice. Statute of limitations. Before Judge CRISP. Macon Superior Court. December Term, 1878.

Reported in the decision.

HAWKINS & HAWKINS; T. P. LOYD, for plaintiffs in error.

S. HALL; W. H. FISH; J. M. DUPREE, for defendant.

SPEER, Justice.

T. W. Montford, defendant's intestate, on the sixteenth da of September, 1861, recovered a judgment against Cullen Cox, principal, and Allen Williams, as security, for the sum of $1,525.00, principal debt, besides interest and cost. On the eighteenth day of September, 1861, a *fieri facias* issued on said judgment. Further, it appears that the plaintiff died in October, 1862, and defendant in

error was appointed his administratrix. That on the twentieth day of July, 1875, the *fi. fa.* was levied on 404½ acres of land (subject to widow's dower), as the property of the defendant, Cullen Cox. That said levy purports to have been made by D. Hawkins, coroner, "acting as sheriff," and attested by Jas. M. Greer, the levying officer signing with his mark the entry of levy.

The record further discloses the fact that the defendant, Cullen Cox, died in 1864. That in November, 1866, John E. Cox, his administrator, filed his bill for relief and injunction against all the creditors of the estate of Cullen Cox (including defendant), seeking to marshal the assets of said estate, and settle the same by a decree in chancery. That an injunction to *restrain all the creditors*, including the defendant in error, was granted by the judge on the first day of December, 1866, and the same continued operative and in force until said bill was dismissed at the May term, 1872, of Macon superior court, where it had been pending.

To the levy made on said land, July 20th, 1875, in favor of Montford *vs.* Cox, C. H. Cox and N. G. Cox interposed their claim and the same came on for trial at the December term, 1878.

During said trial, when plaintiff tendered in evidence the *fi. fa.* with the entry of levy thereon, claimants objected to the same as evidence, first, "because said entry on the *fi. fa.* was made by another and he could not delegate his official authority to a private person." Second, "that said entry had been changed, as to date, from the twenty-first or twenty-second day of July, 1875, to the twentieth day of July, thereby saving the same from the dormant judgment act," all of which the court overruled and claimants excepted.

When the evidence on both sides was closed, the court charged the jury, among other things, "the law requiring the levying officer to give written notice to the tenant was merely directory and the levy was good without," and,

further, "that an officer had the right to procure another to make the entry of levy." Under the evidence and charge of the court, the jury found the property subject, whereupon claimants excepted and assign error on the admission of the *fi. fa.* and the entries thereon, as evidence to the jury, over their objection, and, also, error in the charge of the court as to the notice of levy, and the "right of the officer to procure another to make the entry."

1. It appears from the evidence in this case that the entry on the *fi. fa.* was written out by Greer in the presence of, and by direction of, Hawkins, the levying officer (who was unable to write), and that the officer signed said entry with his mark after the entry was made by Greer. A levy is required to be entered on the process by virtue of which the levy is made, but we do not regard it as necessary that it should be made in the handwriting of the officer ; to so hold would disqualify a large number of good citizens from holding the office. Under the evidence we have no doubt that the entry was made at the request and in the presence of the officer, and being signed by him with his mark, it is sufficient in law—Story on Agency, 133, 56 and 57; 6 M. & W., 215; 5 Bing. 372; 52 C. L. R., 152; 4 T. R., §§313.

2. Whether the date of the entry was of the twenty-first or twenty-second day of July, 1875, we do not regard as material, since the evidence shows this *fi. fa.* was enjoined from first day of December, 1866, till May, 1872 ; so that it was not dormant at either date, but had several years to run, the running of the statute being suspended by the granting and continuance of the injunction—High on Inj., §20 ; 1st Mad. Ch., 182 ; 5 Reporter, 82 ; 20 Howard, 128.—We see, therefore, no error in allowing the *fi. fa.* with its entry to go to the jury in evidence. Nor do we see any error in the charge of the court touching "said entry," as set out in the record, under the evidence submitted.

3. The remaining error complained of "that the court charged the jury that the written notice the law requires to be given by the officer to the tenant of the levy is merely directory, and the levy is good without it," we do not see how the rights of the claimants are affected by it, whether there was error in such charge or not, under the evidence in this case. There is very strong presumptive evidence in the record that such notice was given at the time, or soon after the levy, by the officer. Claimants proved that the twentieth day of July, 1875, was on Tuesday; that Hawkins, the sheriff, came out to see their mother (who lived on the land, her husband having died on it) on Thursday or Friday, but did nothing. He left a note or written paper of some sort at the house for their mother, the widow of the defendant in *fi. fa.* Since the death of Hawkins, we may reasonably conclude that from this evidence, the paper left was the notice the law required. But whether it was or not, is not material, in our opinion, to this issue on trial. The issue is formed by the levy and claim, and the presence of these claimants in court asserting their rights to this property is at least strong presumptive evidence *that they have been duly notified of the levy.* Nor are we prepared to hold on the trial of a claim case it is necessary for a plaintiff to establish a notice of the levy to the tenant as a part of his suit to subject the property he levies on.

This court has held that the giving of the notice under the statute is merely directory, and does not affect the title of a *bona fide* purchaser—37 *Ga.,* 251.

In the case, in 51 *Ga.,* 372, the question was, whether the claimant was protected under the limitation of four years as a *bona fide* purchaser, on the ground that he had no notice of the levy when made. The court held that a *mere levy without the notice would not* prevent the four years' bar, and this is all in that decision. Neither is it inconsistent with the decision in 37 *Ga.,* which declares it is merely directory.

Let the judgment of the court below be affirmed.