## O'BRYAN & BROTHERS *vs.* CALHOUN.

An ordinary affidavit of illegality is sufficient to raise the question of service where there is no official return thereof. But where there is such a return, a traverse must be filed thereto at the first term after notice of it. Such traverse may be included in an affidavit of illegality, but proper steps must be taken to make the officer making the return a party.

Illegality. Pleadings. Parties. Service. Before Judge FAIN. Bartow Superior Court. January Term, 1881.

O'Bryan & Brothers *vs.* Calhoun.

Reported in the decision.

AKIN & AKIN, for plaintiffs in error.

TRIPPE & NEEL, for defendant.

SPEER, Justice.

On the third day of February, 1880, O'Bryan Brothers recovered judgment in Bartow superior court against Robert S. Philips, John J. Calhoun and Thomas Tumlin. *Fi. fa.* issued, and on 31st March, 1880, was levied upon certain lands as the property of defendants.

On May 4th, 1880, one of the defendants, Calhoun, filed his affidavit of illegality to said levy upon the following grounds:

(1.) "Because deponent was never served with a copy of the original declaration and process, nor did he ever waive the same, nor did he ever appear and plead in the action on which is founded the judgment from which said *fi. fa.* was issued; and deponent further says under this ground of illegality that he never knew until to-day that the former sheriff of said county, James Kennedy, had made his entry of service on deponent by leaving a copy of the original declaration and process at deponent's most notorious place of abode; and deponent hereby traverses said entry of service and says the same is not true."

(2.) "Deponent further says that he had a good defence to the action on which said judgment was obtained from which said *fi. fa.* issued, on the ground that deponent never signed or authorized anybody to sign for him the notes on which said action was brought, and defendant would have filed the plea of *non est factum* in said action had he known that the same was brought against him with said Tumlin and Phillips, returnable to the said court at the time it was made returnable; and deponent hereby prays the court to set aside said judgment and quash said *fi. fa.* and allow defendant to file his plea of *non est factum* against said action on said notes."

To this affidavit of illegality the plaintiff below de-murred on the ground, that it showed a return of ser-vice by the sheriff, which return could not be set aside by affidavit of illegality, but only by a traverse of such re-turn duly made. Because, as a traverse of the sheriff's re-turn of service, it is defective because the sheriff has not been made a party thereto. Which demurrer the court overruled, and plaintiff excepted.

Section 3340 of the Code provides : " The entry of the sheriff (or any officer of the court) may be traversed by the defendant at the first term after notice of such entry is had by him, and before pleading to the merits, but this shall not deprive the defendant of his right of action against the sheriff for a false return."

In the case of *Lamb vs. Dozier*, 55 *Ga.*, 677, this court held, that where the affidavit of illegality was based upon the want of service, and the return of the sheriff was that the defendant was served, and there was no tra-verse of this return shown by the pleadings, so that the record should show that such traverse had been made, it was necessary that the sheriff whose return was attacked should be made a party to the traverse and heard thereon. See also 55 *Ga.*, 396. So in 59 *Ga.*, 461, in the same case it was held that : " An affidavit of illegality which alleges that the defendant was never served with any copy of the declaration and process, and never knew of the suit till long after judgment was rendered, is sufficient." Such an affidavit raises the question of service to be tried under the rules of evidence applicable thereto, one of which is that an official return, unless traversed in due time and proved false, is conclusive.

If the defendant rests alone upon his affidavit of ille-gality averring want of service, and there appears in evi-dence a proper return of service by the officer, then this would be conclusive upon the defendant, and to meet this a traverse of said return with proper parties would be the proper remedy.

O'Bryan & Brothers vs. Calhoun.

Under the authority of these decisions, we think that an affidavit of illegality would be sufficient to raise the question of service, if there were no official return to be traversed.   But where it appears, as in this case, by the affidavit of illegality, that there is a return by the officer, if the defendant intends to attack the verity of such return, he must take steps by filing a traverse thereto and by order to make the sheriff a party.   It is true, as in this case, the defendant may include in his affidavit of illegality a traverse of the truth of the return as referred to therein, but that is not enough ; when such traverse of the return is made in the affidavit, he should proceed further to make the officer whose return is thus impeached a party, that he may be heard.   He and his securities on his bond have a vital interest in the question thus made, and they should have an opportunity to be heard on the issue defendant has made.

As no steps were taken by the defendant below or proceedings sought to make the sheriff a party, and as the case is now presented by the record before this court, we are of opinion that the demurrer should have been sustained, and the court erred in overruling the same.   But we direct, in view of the facts, that the defendant below be allowed, when this cause is returned to the court below, if he chooses so to do, either to amend his traverse, or institute such proceedings under the order of the court as will bring the officer before the court as a party to said traverse, whose return is the subject of attack, subject of course to such exceptions and demurrers as plaintiff below may offer to the same.

Let the judgment of the court below be reversed, subject to the direction herein given the cause when returned to the court below.

Judgment reversed with directions.