## HILES CARVER COMPANY *v.* KING.

1. When a sheriff's entry upon an attachment recites that he levied it upon a certain tract of land, prima facie there was a lawful seizure, and consequently where an execution issued upon a judgment rendered in an attachment case was subsequently levied on the same land and met by a claim, it was error to dismiss the latter levy on the ground that the entry upon the attachment did not *recite* that the sheriff had actually seized the property or had given written notice to the tenant in possession.

2. It would, on the trial of such a claim, be competent to prove affirmatively that the levy of the attachment was lawfully made, by showing the manner in which the seizure was effected.

Argued October 9, — Decided November 2, 1899.

Levy and claim. Before Judge Janes. Haralson superior court. July term, 1899.

*Price Edwards*, for plaintiff. *Oscar Reese*, contra.

LEWIS, J. Hiles Carver Company sued out an attachment against McBurnett, on the ground of his non-residence. Upon this attachment was an entry of levy in usual form upon a certain house and lot in the town of Waco, Ga., as the property of the defendant, the entry containing a full description of the property seized. A judgment was afterwards rendered for the plaintiff against the defendant, subjecting the property attached;

and to the levy of a fi. fa. issued upon this judgment the defendant in error interposed a claim. On the trial of the claim the plaintiff submitted evidence tending to show a due seizure of the property under the attachment, and written notice given to the tenant in possession by the levying officer. The attachment was duly entered on the attachment docket. After plaintiff closed the case, the court, upon motion of counsel for claimant, dismissed the levy of plaintiff's fi. fa., upon the ground that the levy of the attachment did not *recite* that a seizure of the property levied on was made by the officer making the levy, or that written notice of such levy was given by the officer to the defendant or the tenant in possession, and because the court had no jurisdiction to render judgment on the attachment.

The question raised by this record is whether or not the levy of an attachment on land is void simply because the officer does not describe in his entry of levy upon the fi. fa. the particular manner of the seizure, and does not recite that he had given either the defendant or tenant in possession notice of the levy. We know of no law requiring the officer to make any such recitals in the levy. The statute simply requires the officer to enter his levy on the process by virtue of which such levy is made, and such entry shall plainly describe the property levied on, and the amount of interest of the defendant therein. Civil Code, § 5421. This provision was fully complied with by the entry of the officer made in this case. The expression, "I have this day levied," implies a legal seizure by the officer of the property described in his entry, and raises the presumption in favor of such officer of a valid and legal seizure of the property described. The burden of showing an omission of duty which renders the seizure illegal or invalid in any particular case is on the party making such an attack upon the levy. As stated in the opinion of Simmons, C. J., in the case *Greer* v. *Fergerson*, 104 *Ga.* 555, in speaking of a levy of a tax fi. fa. upon land by an officer, "The law presumes that the owners of the land had the notice prescribed, for it presumes that public officers will do their duty." The attachment in this case, therefore, together with the entry of levy by the officer thereon, was upon its face regular and valid. The claim-

ant had a right to introduce evidence showing that for any reason it was void, and having failed in this case to show an illegal seizure of the land under the levy of the attachment, the court erred in dismissing the levy of plaintiff's fi. fa. *Mc-Crory* v. *Hall*, 104 *Ga.* 668–9. The case just cited and that of *Smith* v. *Brown*, 96 *Ga.* 274, turned upon what actually occurred, and not upon the form of the sheriff's entry.

*Judgment reversed. All the Justices concurring.*