PARKER *v.* MEDLOCK.

FISH, J.   1.  A party dissatisfied with a verdict can, without filing a motion for a new trial, properly bring to this court for review by a direct bill of exceptions any "ruling, order, decision, or charge" of the court below, which necessarily controlled the finding against the plaintiff in error.   Van Epps' Code Supp. §6241 ; *Taylor* v. *Reese,* 108 *Ga.* 379.

2.  Though an affidavit of illegality upon the ground that the defendant had not been served and a traverse filed to the entry of service by the sheriff were tried together, it was erroneous to allow the defendant to testify, over proper objection, that the entry of service was untrue, when the sheriff had not been made a party to the traverse.   The mere filing of the traverse and service of a copy of the same upon the sheriff by a private individual did not make the sheriff a party thereto ; nor did the taking of his interrogatories by the plaintiff in fi. fa. and the introduction of them in evidence on the trial constitute him a party.           . *Judgment reversed.    All the Justices concur.*

Argued May 11, — Decided June 27, 1903,

Affidavit of illegality, etc.    Before Judge Janes.    Haralson superior court.    January 21, 1902.

On the rulings in the second headnote see Civil Code, §§ 4988, 4981, 4774; *Ga. Rep.* 47/320 ; 49/231 ; 52/451 ; 53/492 ; 55/396, 677 ; 56/51,439 ; 57/489 ; 59/461,607 ; 63/482 ; 68/215 ; 70/633 ; 71/860 ; 76/97 ; 81/162 ; 96/130 ; 97/769 ; 106/453 ; 19 Enc. Pl. & Pr. 707 (2), 709 (c) ; 124 Ind. 484.

*E. S. Griffith, W. F. Brown,* and *R. D. Jackson,* for plaintiff. *Price Edwards* and *E. S. Ault,* for defendant.