### 8133. BANKS *v.* GILES.

BROYLES, P. J. The affidavit of illegality in this case is based on the following four grounds: (1) That the defendant in fi.·fa. was not given an opportunity to point out what part of her property she desired the fi. fa. levied upon. (2) That no written notice was served upon the defendant or the tenant in possession of the property within five days after the levy was made. (3) That the defendant in fi. fa. was not served with process, did not acknowledge service, and did not appear and plead in the original suit on which the judgment was rendered, and did not have her day in court. (4) That the levy was excessive. *Held:*

1. Under the ruling in *Douglas* v. *Singer Manufacturing Co.*, 102 *Ga.* 560 (2) (27 S. E. 664), there is no merit in the first ground of the affidavit of illegality.

2. The provision of the statute as to the giving of ·notice of levy to the tenant in possession is merely directory, and the failure to give such notice does not render the levy ipso facto void. *Solomon* v. *Peters*, 37 · *Ga.* 251 (92 Am. D. 69) ; *Cox* v. *Montford*, 66 *Ga.* 62 (3). The levy not being void through the failure of the sheriff to perform this ministerial duty, this irregularity affords no ground for staying the execution by an affidavit of illegality. In this case the defendant herself was in possession of the property levied on.

3. An excessive levy is not ground for an affidavit of illegality. *Pinkston* v. *Harrell*, 106 *Ga.* 102 (2) (31 S. E. 808, 71 Am. St. R. 242) ; *Manry* v. *Shepperd*, 57 *Ga.* 68 (7) ; *Rogers* v. *Felker*, 77 *Ga.* 46.

4. The only ground of the affidavit of illegality which is good upon its face is the third. This ground having been traversed by the general traverse filed to the affidavit, an issue of fact was raised, and the court properly sent the case to the· jury. However, the record in the original case, which was put in evidence, clearly showed that the defendant in fi. fa. had appeared and pleaded therein; *and it further appearing, from the recitals in the bill of exceptions, that it was admitted on the trial of this issue that the verdict in the original case was taken in open court by the consent of both parties, and that counsel representing the defendant "wrote and had the court presiding sign the decree set out . in this bill of exceptions, upon which decree the execution in question on October 26, 1915, was issued by the clerk of Douglas superior court, and later levied on the property named in the levy by the sheriff of*

7

Douglas county, to which levy the illegality in question was interposed by Mrs. M. F. Banks," the defendant, a finding against this ground of the affidavit of illegality was demanded.

(a) In the absence of a special demurrer calling for further particulars, the traverse was sufficiently full.

5. It appearing that this writ of error must have been sued out for delay only, the prayer of the defendant in error for ten per cent. damages is granted. Civil Code of 1910, § 6213.

*Judgment affirmed, with damages. Jenkins and Bloodworth, JJ., concur.*

DECIDED MAY 11, 1917.

Affidavit of illegality; from Douglas superior court—Judge Bartlett. March 24, 1916.

*W. H. Swofford, J. S. James, J. R. Bedgood,* for plaintiff in error. *J. H. McLarty, J. R. Hutcheson,* contra.