18983. COLLINS *v.* KENNEDY.

BELL, J. 1. In a suit in a justice's court, service made after the expiration of the term to which the suit is returnable amounts to no service whatever, and is void; and in such a case no judgment can legally be rendered against the defendant where service is not waived. *Western & Atlantic R. Co.* v. *Pitts*, 79 *Ga.* 532 (2) (4 S. E. 921); *Peck* v. *LaRoche*, 86 *Ga.* 314 (12 S. E. 638); Civil Code (1910), § 5570.

2. It is unnecessary to traverse an entry of service which shows upon its face that the service was void. Hence, where a constable's return affirmatively disclosed that the attempted service was not made until after the expiration of the term to which the suit was made returnable, an affidavit of illegality attacking the judgment upon that ground should not have been dismissed because the constable had not been made a party to a traverse of such entry or return of service. Since the traverse as filed was unnecessary, it was immaterial that the constable was not made a party thereto. *Keaton* v. *Moore*, 59 *Ga.* 553; *Strauss* v. *Owens*, 6 *Ga. App.* 415 (2) (65 S. E. 161); *Caldwell* v. *Alexander Seed Co.*, 17 *Ga. App.* 571 (87 S. E. 843).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 22, 1929.

*Eason & Everett,* for plaintiff in error.