HADEN *v.* LIBERTY COMPANY.

No. 11270.   OCTOBER 15, 1936.

*Mitchell & Mitchell* and *Hewlett & Dennis*, for plaintiff.
*E. G. Jackson*, for defendant.

RUSSELL, Chief Justice.   For some reason the original petition was not specified in the bill of exceptions as material by the plaintiff in error, and on account of this the Supreme Court is not informed as to the ground upon which the petitioner sought an injunction, since the court was not requested to transmit the petition to this court. The only designation by the plaintiff in the

210

bill of exceptions is "the case of C. J. Haden *v.* Liberty Company, which was an application by the plaintiff for injunction against the defendant." Certainly a statement of the case as made by the plaintiff himself, in his summation, can afford him no ground for complaint. So we quote this summation from the brief and the argument of learned counsel for the plaintiff: "In this case property valued at $1500 and capable of subdivision was sold to satisfy a fi. fa. of $24.02. It was purchased by an organization known as Liberty Company. The existence of the charter and the charter powers were proved by parol. The presiding judge refused to enjoin the defendant from taking possession. It seems that a levy on land of 62 times the value of the fi. fa. should be held to be excessive, and that the property of citizens of this State should be protected from such actions. The person claiming title under such a deed should be required to make proof in a strict manner, and should not be allowed any liberties with the rules of evidence. Certainly, if it is allowed to prove its corporate existence and its charter powers by parol, it is being extended a favor not contemplated by the law. As the penalty of law is harsh in taking a person's property for non-payment of taxes, it should be narrowly and rigidly construed, and the person claiming under a tax deed should not be allowed any advantages that will come to him from too lax a construction of the rules of evidence. In the present case, where an innocent petitioner was about to be deprived of $1500 on a $24 fi. fa., all of the rigidity of the law was applied to him, and no technical rules were applied to defendant. And though the petitioner was so hampered and the defendant so favored, all of the evidence made out the case for the petitioner. The grant of the injunction would only have preserved the status quo. And yet in the face of these facts the presiding judge declined to grant an injunction and restraining order, and turned over petitioner's land to defendant. Petitioner contends that this calls for a reversal." We have quoted this summation in the brief, because the court can not concur in the conclusion reached by the learned counsel for the plaintiff, when they say that the facts stated call for a reversal of the judgment.

■ There are subsidiary questions in the case presented by the bill of exceptions; but, as it appears from the argument of counsel for both parties, the real and controlling question is whether the

levy under the tax fi. fa. should have been held excessive as a matter of law, and therefore void. We shall deal first with the subsidiary questions. One of them is that "Haden was never notified of the levy or of the sale, nor was his tenant in possession ever served with notice of the levy of the fi. fa. or of the sale." The Code, § 39-120, declares: "The officer levying on land under an execution shall, within five days thereafter, leave a written notice of such levy with the tenant in possession of the land, if any, or with the defendant if in the county, or transmit such notice by mail to the defendant within the time aforesaid." This court has construed this section, and has held that the notice provided is a mere ministerial duty and that the failure of the levying officer to perform that duty will not afford ground for avoiding a deed pursuant to a sale on which the sheriff failed to perform his ministerial duty, and that any recourse the defendant in fi. fa. has would be against the levying officer for his failure to perform his ministerial duty. *Solomon* v. *Peters,* 37 *Ga.* 251 (92 Am. D. 69); *Cox* v. *Montford,* 66 *Ga.* 62. In the *Solomon* case the court said: "It is sufficient for the purchaser that the sheriff had competent authority to sell, and did sell, and that the defendant in fi. fa. had title to the property sold. The law requiring notice to be given, property advertised, etc., is directory to the officer. His neglect to observe these requirements may subject him to a suit for damages at the instance of any party injured thereby, but will not affect the title of a bona fide purchaser at his sale. The purchaser may presume that the sheriff has taken all the steps required by law to make the sale valid. He has the authority to sell, the law prescribes his duties, he swears to execute all processes placed in his hands according to law, and the bona fide purchaser may rely upon his fidelity in the performance of his duties." *Brooks* v. *Rooney,* 11 *Ga.* 423 (53 Am. D. 430); *Banks* v. *Giles,* 20 *Ga. App.* 97(2) (92 S. E. 651). In the *Montford* case, supra, this court held that "the requirement that notice of levy on real estate shall be given to the tenant is directory, and failure to give notice does not ipso facto render the levy void." The rules applicable to the levy of tax fi. fas. are also applicable to fi. fas. issued for municipal taxes, but stricter regulations are not required of sales under municipal fi. fas. than to fi. fas. for State and county taxes.

■ Another assignment of error complains that the existence of

the charter of the Liberty Company and its charter powers were proved by parol evidence, over the objection of the petitioner in the lower court. The court permitted E. G. Jackson, attorney at law, to swear that the application for the charter of the Liberty Trust Company was filed in the superior court of Fulton County on January 12, 1934, and admitted the testimony of Mrs. Coleman that the charter-book of said office shows application for charter filed in the superior court of Fulton County, showing a charge for the order granting charter, dated February 13, 1934, which she swore that she entered, and that she would not have made this entry had it not been granted, and that the original application and order granting the same is not in the clerk's office file, and the charter is not recorded on the minutes. This witness testified that she had the application and an order granting the same when she made the entry, and that this is the only record of the charter, and the docket shows the costs having been paid by Liberty Company. The defendant then introduced a certified copy of the amendment in Fulton superior court, changing the name from Liberty Trust Company to Liberty Company. The court did not err in the introduction of the testimony to which objection was made. "In order to admit secondary evidence; it shall appear that the primary evidence, for some sufficient cause, is not accessible to the diligence of the party. This showing shall be made to the court, who shall hear the party himself on the question of diligence and the inaccessibility of the primary evidence." Code, § 38-212. "When a record has been burned, or otherwise destroyed, its contents may be proved by secondary evidence which does not disclose the existence of other and better evidence." § 38-607. Under these Code sections the court did not err in permitting the introduction of the application for charter, which was proved to be a carbon-copy of the original, in accordance with section 38-213, which declares, "There are degrees in secondary evidence, and the best should always be produced. Thus a duplicate is better than a copy, and an examined copy than oral evidence."

■ We come now to the contention that the levy of the fi. fa., under which the property involved was sold and bought by the Liberty Company, was void for the reason that the levy was excessive. It is well settled, as a general rule, that a levying officer should levy on only so much of the property of the defendant in

fi. fa. as is sufficient to answer the requirements of the writ; but there is an exception, equally well recognized, which does not require a division of the property in the event that the property is not capable of subdivision, or in actions in rem such as where the proceeding was instituted to foreclose a mortgage which is a lien upon the property as a whole as a complete entity. Upon this application for injunction the judge was the sole trior as to the credibility of the witnesses and of the appositeness of their testimony to the issue, and his discretion in these respects will not be controlled unless there is a manifest abuse of discretion. The evidence is in conflict upon the point as to whether a subdivision of the city lot in this case should have been made. Several witnesses testified in behalf of the petitioner that the lot was capable of subdivision, for reasons given by them; and there was also testimony that the dwelling-house on this lot would have been greatly depreciated in value had the division suggested by plaintiff's witnesses been made. One reason was that there would be no rear entrance to the small lot on which the dwelling would be left after the division, and that, the house being forty-eight feet in width, there would be only a front entrance for pedestrians from the street on which the dwelling fronts. It is to be noted, too, that plaintiff's witnesses, in fixing the value of the two lots proposed to be detached from the dwelling-house only testified to their present value; no testimony was offered as to what their value actually was at the time the levy was made, more than three years ago. Furthermore, the evidence of plaintiff's witnesses, to show that any of them knew the value of the property in the City of Atlanta or in the section in which this property is located, was entirely opinionative, and the court was authorized upon this ground to give to this opinionative evidence not the same weight as that which would have inhered in their testimony so far as it related to facts testified to by them, but did not attach to their opinion as to value. The judge did not abuse the discretion with which he was clothed by law; and under a well-settled rule his judgment must be

*Affirmed. All the Justices concur, except Gilbert and Hutcheson, JJ., who dissent, and Atkinson, J., absent because of illness.*