## 26751. HAMILTON *v.* LOVE *et al.*

Decided April 21, 1938. Rehearing denied June 1, 1938.

*R. M. Nicholson,* for plaintiff in error.

*R. Carter Pittman,* contra.

FELTON, J. The defendant in error had an attachment issued and levied on land of the plaintiff in error. The entry of levy appearing from the record is: "I have this day levied the within attachment on the following described real estate as the property of W. F. Hamilton, to wit: [description omitted.] This 18th day of November, 1936. Notice in writing given to W. M. Nicholson and Roy Ward, tenants in possession on this date." The plaintiff in error filed a motion to dismiss the attachment, on the ground "that there has been no overt act of seizure or constructive seizure on the part of the levying officer in making the levy of said attachment on said described land." There was no traverse of the return of the levying officer. In support of this motion the plaintiff in error offered to introduce evidence that there had been no overt act of seizure and no constructive notice to the defendant in attachment. To an order of the court refusing to permit the introduction of such evidence exception is taken.

We think that the court correctly refused to allow the defendant

in attachment to introduce evidence. No answer was filed, and no traverse of the entry of levy. The defendant (plaintiff in error) was seeking to take advantage of an error allegedly committed but not appearing on the face of the record or pleadings. Had the defendant been in court by his answer, or had he filed a motion to dismiss in which the officer's return was traversed, he could have introduced evidence that there had been no seizure or constructive notice; but when he relied on a motion to dismiss in the nature of a general demurrer, the grounds of the motion must be adjudicated from what appears on the face of the record, and not upon some ground that must be substantiated by matters not so appearing. A motion to dismiss in the nature of a general demurrer will not be allowed, unless every material fact on which the motion is based is apparent in the declaration. Code, § 81-302; *Bower* v. *Douglas,* 25 *Ga.* 714. The entry of levy appearing on the attachment implied a legal seizure, and the presumption is that the officer did his duty. *Hiles-Carver Co.* v. *King,* 109 *Ga.* 180 (34 S. E. 353). The plaintiff in error relies solely upon *McCrory* v. *Hall,* 104 *Ga.* 666 (30 S. E. 881), which is easily distinguished from the case at bar, because in the *McCrory* case, a claim had been filed, and the claimant offered to introduce evidence that there had been no seizure. The court said that the evidence, if introduced, might be made the basis of a motion to dismiss the attachment, if it were shown that the seizure contemplated by law was not made. The claimant was in court by virtue of his claim, and was offering evidence in support of the issues made by the claim. In the instant case the movant was simply offering evidence in support of his motion to dismiss, which, in the absence of a traverse to the return, must be considered as a motion in the nature of a general demurrer. The other exceptions to the rulings of the trial court are not passed upon because they have been expressly abandoned.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*