## CHASTAIN *v.* ALFORD *et al.*

No. 14004.   March 10, 1942.

*John B. Morris,* for plaintiff in error.   *A. S. Skelton,* contra.

Jenkins, Justice.   1.   The Court of Appeals certified to this court the following question:   "Where an attachment is issued on the ground that the defendant is a non-resident, and the sheriff makes the following entry on the attachment:   'I have this day executed the within attachment by levying the same on the following real estate [describing the real estate].   The same was levied on as the property of the defendant in attachment [naming him] and in his possession at' [stating time of day and date of month and year], can the defendant in attachment contest the validity of the levy of the attachment by affidavit of illegality on the ground of lack of seizure of the property or lack of notice to the defendant, after a levy of an execution based on the attachment procedings is made upon the land described in the attachment, without making the officer who made the return of the levy of attachment a party to the proceedings?"

In a case where it appears on the face of the record that the court issuing the fi. fa. was without jurisdiction, or where the return shows on its face that the levy was absolutely void, an affidavit of illegality can be tried without recourse to a traverse of the sheriff's entry, and therefore the officer need not be made a party to the illegality proceeding.   *Maund* v. *Keating,* 55 *Ga.* 396; *Keaton* v. *Moore,* 59 *Ga.* 553; *Collins* v. *Kennedy,* 39 *Ga. App.* 205 (3) (146 S. E. 502), and cit.   No such situation is suggested by the question; and so far as it indicates, the levy was not void.

The Code, § 39-103, provides:   "The officer making a levy shall enter the same on the process by virtue of which such levy is made,

and in such entry shall plainly describe the property levied on and the amount of the interest of defendant therein." § 39-120 is as follows: "The officer levying on land under an execution shall, within five days thereafter, leave a written notice of such levy with the tenant in possession of the land, if any, or with the defendant if in the county, or transmit such notice by mail to the defendant within the time aforesaid." However, the courts have several times ruled that the requirement of the section last quoted, with respect to levies of executions, is directory only. *Solomon* v. *Peters,* 37 *Ga.* 251 (2) (92 Am. D. 69); *Cox* v. *Montford,* 66 *Ga.* 62 (3); *Bibb County* v. *Elkan,* 184 *Ga.* 520 (7), 526 (192 S. E. 7), and cit.; *Banks* v. *Giles,* 20 *Ga. App.* 97 (2) (92 S. E. 651). In attachment cases the rules are more stringent than in the levy of executions. This would appear to be true for the reason that in such a proceeding the officer's levy and return on the attachment writ is the sole foundation of the court's jurisdiction in all subsequent proceedings against the property, and constitutes the only compliance with his constitutional right to "due process," which requires notice as a basis for a judgment even in rem against the property. *McReynolds* v. *Colclough,* 146 *Ga.* 696 (1, 3), 700 (92 S. E. 206); *Baker* v. *Aultman,* 107 *Ga.* 339, 341 (33 S. E. 423, 73 Am. St. R. 132). It is the rule, however, in attachment levies that an entry by the sheriff, showing a levy on land plainly described, and setting forth the interest of the defendant therein, implies a legal seizure, either constructive by notice given in writing to the defendant or his tenant in possession, or actual by the sheriff's entry upon and the taking over of the possession of the premises. *Hiles Carver Co.* v. *King,* 109 *Ga.* 180 (34 S. E. 353); *Smith* v. *Brown,* 96 *Ga.* 274, 276, 279 (23 S. E. 849); *Hamilton* v. *Love,* 58 *Ga. App.* 32 (197 S. E. 345). If additional language is embodied in the return such as would in effect contradict the general recital as to a levy having been made, which would otherwise import either an actual or a constructive seizure, the rule would be different. This was the basis of the ruling in the *Smith* case, 96 *Ga.* 274 (supra), where the entry, although reciting a levy, was apparently construed as having set forth as the sole basis of the seizure that the defendant had been notified by mail of the levy. Thus construing the entry, the court held that this language taken as a whole failed to import in an attachment levy either an actual or a constructive

seizure. While the *Smith* case was decided on demurrer, as was pointed out in the *King* case, 109 *Ga.* 182 (supra), the ruling "turned upon what actually occurred, and not upon the form of the sheriff's levy."

2. The levy not being void on the face of the officer's return, the question propounded must be answered in the negative. This is true for the reason that not only is the defendant in fi. fa., as a party to the case, directly concerned in the validity of the judgment and execution under which the levy of the execution was made, and therefore in the validity of the attachment levy by which jurisdiction of the court was acquired, but the determination of the question raised by the traverse impeaching the return is one in which the sheriff and through him his bondsmen are likewise concerned, and therefore the sheriff should have an opportunity to be heard on the issue therein made. *O'Bryan* v. *Calhoun,* 68 *Ga.* 215, 217; *Elder* v. *Cozart,* 59 *Ga.* 199, 202; *Lamb* v. *Dozier,* 55 *Ga.* 677; *Sanford* v. *Bates,* 99 *Ga.* 145 (25 S. E. 35); *Parker* v. *Medlock,* 117 *Ga.* 813 (2) (45 S. E. 61); *Southern Ry. Co.* v. *Cook,* 106 *Ga.* 450 (2), 452 (32 S. E. 585); *Crane* v. *Stratton,* 185 *Ga.* 234 (3), 235 (194 S. E. 182); *Southern States Phosphate &c. Co.* v. *Clark,* 19 *Ga. App.* 376 (1, *a*), 380 (91 S. E. 573), and cit.; *Cochran* v. *Whitworth,* 21 *Ga. App.* 406 (3), 408 (94 S. E. 609); *Scott* v. *Darien Motor Co.,* 45. *Ga. App.* 102 (2) (163 S. E. 246).

*All the Justices concur.*