1. The ruling of the court permitting the plaintiff in attachment to amend his execution to conform to the verdict was not harmful to the defendant.
2. Where the truth of an entry of the levy of an attachment is traversed, and the entry imports a legal levy, the officer making the return is a necessary party to the proceeding.
 DECIDED MAY 6, 1942.
This case was transferred to this court by the Supreme Court.Chastain v. Alford, 191 Ga. 677 (13 S.E.2d 769). An attachment proceeding was instituted by A. N. Alford Company against S. J. Chastain on the ground of non-residence. On the writ of attachment the following entry of levy was made: "State of Georgia, Hart County. I have this day executed the within attachment by levying the same on the following real estate [description of realty]. The same was levied on as the property of S. J. Chastain and in his possession at 5:13 p.m. e.s. time. This the 2nd day of February, 1937." On the trial the jury rendered the following verdict: "We the jury find in favor of the plaintiff above *Page 317 
named and against the defendant the principal sum of $79.03 and the further sum of $113.49 interest from the 1st day of October, 1921, to the 6th day of December, 1937, said judgment being in rem against the following real estate of the defendant [description of realty]." The following judgment was rendered: "On the verdict of the jury returned in the above stated case, it is ordered and adjudged by the court that the plaintiff above named have and recover of the defendant above named the principal sum $79.03, with interest from the 1st day of October, 1921, to the 6th day of December, 1937, at the rate of eight per cent. per annum, in the sum of $113.49, and the costs of this action in the sum of $ ____ said judgment being in rem against the following real estate of the defendant above named [description of real estate]. It is further ordered that the plaintiff have and recover of the defendant all future interest on said principal from the date of this judgment at the rate of eight per cent. per annum, and that the verdict of the jury be and the same is made the judgment of the court. This the 6th day of December, 1937. Berry T. Moseley. Judge superior courts northern circuit." The following execution was issued on the above judgment: "State of Georgia, Hart County. To all and singular the sheriffs of this State and their lawful deputies: We command you, that of the goods and chattels, lands and tenements of S. J. Chastain, and also, and especially of the following property against which a special lien judgment is had [description of real estate], you cause to be made the sum of $79.03, principal, and the further sum of $113.49, for interest up to the 6th day of December, 1937; and also the further sum of ____ dollars and ____ cents for attorney's fees; and also the further sum of ____ dollars and ____ cents, for protest fees; and also the further sum of $28.10 for costs; with interest on the principal sum from the 1st day of October, 1921, at the rate of eight per cent., which at our superior court for said county to wit, on the 6th day of December, 1937, A. N. Alford, a firm composed of A. N. Alford, H. I. Alford, and H. B. Alford, recovered against S. J. Chastain for principal, interest, and costs; and that you have the several sums of money before the superior court for said county on the 4th Monday in February, 1938, next, to render to the said Hart superior court the principal, interest, and costs aforesaid, and have you then and there this writ. Witness the Honorable Berry T. *Page 318 
Mosely, judge of said court, this 16th day of December 1937. Warren H. Williams, deputy clerk."
The execution was levied on the land described in the original levy, declaration, verdict, judgment, and execution. To this levy the defendant filed an affidavit of illegality on the following grounds: that deponent had never had his day in court, was never served with any process or other notice of the pendency of the attachment upon which the execution was based, nor did deponent waive service or appear and defend the suit; that deponent had lately discovered that the execution had been levied upon the land described therein and that no notice of the levy was ever given deponent; that deponent resided without the State and had no means of knowing of the attachment, had no notice thereof and hence did not know of the levy; that the lands levied on were in the possession of a third person and such third person had no notice of the levy; that notice had not been waived by deponent nor had he authorized any one to waive it for him; that deponent was never served with any declaration in attachment or any other paper connected with the proceedings; that deponent has a valid defense to the note which forms the basis of the attachment suit in that he never signed the note nor authorized any one to sign for him and that the execution of the note was not his act and deed; that the only notice which deponent received with reference to the case was a written notice of a levy on deponent's farm described herein, which notice was sent to him under date of January 14, 1938; that the judgment rendered on said attachment proceedings is void for the reasons set out.
The defendant in attachment filed an amendment to his affidavit of illegality which alleged substantially that, by reason of the fact that defendant was never served with any notice of the attachment proceedings and had no such notice until after judgment and levy, the judgment and execution based thereon are void, and for this reason the judgment in personam against defendant is void and should be set aside because the tenant in possession was not notified of the pendency of said suit or declaration in attachment; that the levy of the sheriff of the original execution was unlawful and illegal, in that there was no seizure of the property by the sheriff, nor notice given the tenant in possession; that the sheriff did no act or thing that could be construed as a seizure of the property, merely *Page 319 
making an entry on the attachment describing the land levied upon, and that no notice of said levy was given to the tenant in possession, and that by reason of that fact there was no seizure of the property, plaintiff is not entitled to a judgment, and the judgment is void, and that defendant traverses the entry of the sheriff and denies that there was a levy on said premises.
The plaintiff made a motion to amend the execution so as to conform to the verdict by striking the words "lands and tenements of S. J. Chastain" and the words "and also," so that when amended it would be against the property originally levied on. The court granted the motion and ordered the clerk so to amend the execution. The court disallowed the amendment to the affidavit of illegality. The defendant filed a motion to set aside the judgment in attachment which contained the same grounds as the affidavit of illegality and the amendment, which was disallowed by the court. Counsel for the defendant offered to introduce testimony of witnesses to the effect that the sheriff of Hart County had never made any appearance on the property to levy the original attachment writ; that there had been no seizure of the property by the sheriff; that no notices of the levy and attachment proceedings had ever been posted on the premises; that the defendant had never been served with a notice of the declaration and of the pendency of the attachment proceedings; that neither the defendant nor the tenant in possession had ever received any notice that the property had been levied on. The judge then struck the original affidavit of illegality upon the theory that it presented no issuable fact, inasmuch as the sheriff was not made a party to the proceeding, and ordered the execution to proceed in rem. The defendant excepted to the ruling of the court in permitting the plaintiff to amend the execution, to the ruling striking the original affidavit of illegality, to the ruling disallowing the amendment to the affidavit of illegality, to the ruling overruling and disallowing the defendant's motion to set aside the judgment, to the ruling refusing to permit the defendant to offer testimony as indicated above, and to the ruling authorizing the execution to proceed.
1. It was not error for the court to permit the plaintiff to amend the execution so that it would conform to the verdict. If *Page 320 
the judgment and execution were on their faces against the defendant in personam, to such an extent they were void, because the defendant was not served with a copy of the declaration and did nothing amounting to an appearance or waiver. The fact that the judgment and execution were void in so far as they sought to operate in personam did not affect them in so far as they operated in rem. Harvard v. Davis, 145 Ga. 580
(89 S.E. 740); Hirsch v. Northwestern Mutual Life Insurance Co.,191 Ga. 524 (13 S.E.2d 165). The defendant was not harmed by such an amendment to the execution.
2. Under the answer to the question certified to the Supreme Court in this case, Chastain v. Alford, 193 Ga. 551 (19 S.E.2d 721), the sheriff was a necessary party, and it was therefore not error for the court to make the rulings complained of in the absence of the making of such officer a party to the proceeding.
Judgment affirmed. Stephens, P. J., and Sutton, J., concur.